SNYDER *v.* THE STATE LIABILITY BOARD OF
AWARDS ET AL.

*Workmen's compensation — Appeal from industrial commission —
Confined to final action denying jurisdiction, when — Section
1465-90, General Code (103 O. L., 88) — Jurisdiction of com-
mission continuing, when — Section 1465-86, General Code (103
O. L., 88) — Award by commission precludes appeal, when.*

1. The term "final action" as used in Section 1465-90, General
   Code (103 O. L., 88), has relation to the question whether or
   not the industrial commission has jurisdiction to allow com-
   pensation to a claimant out of the state insurance fund, and
   under the provisions of that section, as a condition precedent
   to the right of claimant to file his appeal in the court of com-
   mon pleas, there must be a denial of his right to participate
   at all in such fund, based upon one of the jurisdictional mat-
   ters enumerated in the section.

2. Where an award has been made to a claimant upon his appli-
   cation to the industrial commission its jurisdiction under the
   provisions of Section 1465-86, General Code (103 O. L., 88),
   is continuing and it may make such modification or change
   with respect to the award as in its opinion may be justified,
   and the provisions of Section 1465-90, General Code, provid-
   ing for an appeal to the court of common pleas, are not ap-
   plicable.

(No. 15135 — Decided June 23, 1916.)

CERTIFIED by the Court of Appeals of Allen
county.

On the 18th day of January, 1913, the plaintiff in error, Newton Snyder, was injured in the course of his employment while in the employ of The Lima Locomotive Corporation, an employer who had paid into the state insurance fund the premiums required by the act of May 31, 1911 (102 Ohio Laws, 524). Plaintiff in error filed an application with the State Liability Board of Awards, for compensation out of the state insurance fund for his injuries, and on the 14th day of May, 1913, the board after due notice to him of the time and place for the hearing of the application awarded him compensation for fifteen and one-seventh weeks' disability, beginning at the date of his injury exclusive of the first week, at the rate of $12 per week, amounting to $181.71, and also the sum of $18 for medical service. On May 26, 1913, the board made a further award in the sum of $19 for hospital service rendered to plaintiff in error. The amount awarded to plaintiff in error was paid to and accepted by him and the amounts awarded for medical and hospital services were paid as authorized and directed by him in his application. On August 20, 1913, a letter was written to the board by the attorney of plaintiff in error asking for information in reference to the claim, and on August 26, 1913, this attorney was notified by the board that it had acted in the matter on August 11, 1913, that it had considered that no further compensation was due and that the case was closed.

Thereafter, plaintiff in error filed his appeal in the court of common pleas of Allen county. Within 30 days after the filing of his appeal he filed his

petition, the sufficiency of which was challenged by demurrer. The demurrer was overruled. An answer and a reply thereto were then filed. The case was tried to a jury. At the close of the opening statement to the jury by the attorney for plaintiff in error, the attorneys for the Industrial Commission of Ohio, which had superseded the State Liability Board of Awards, made a motion in which they asked the court to direct the jury to return a verdict in favor of the defendant upon the ground that the court was without jurisdiction to hear the case. This motion was overruled as were similar motions made at the close of plaintiff's evidence and at the close of all the evidence in the case. The jury returned a verdict in favor of plaintiff in error, finding and fixing the weekly indemnity and compensation at $10. A motion for a new trial was overruled, judgment was rendered on the verdict, and error prosecuted to the court of appeals by the industrial commission. That court reversed the judgment of the court of common pleas, upon the ground that the court of common pleas did not have jurisdiction of the subject of the action, and further, finding their judgment in conflict with the judgment pronounced upon the same question by another court of appeals of this state, the judges certified the record of the case to this court for review and final determination.

*Mr. T. R. Hamilton,* for plaintiff in error.

*Mr. Edward C. Turner,* attorney general; *Mr. John G. Price* and *Mr. Eugene Carlin,* for defendants in error.

NEWMAN, J.  Plaintiff in error claims the right of appeal to the court of common pleas under the provisions of Section 36 of the act of May 31, 1911 (102 Ohio Laws, 531), now Section 1465-90, General Code.  This section is as follows:

"The board shall have full power and authority to hear and determine all questions within its jurisdiction, and its decision thereon shall be final.  Provided, however, in case the final action of such board denies the right of the claimant to participate at all in such fund on the ground that the injury was self-inflicted or on the ground that the accident did not arise in the course of employment, or upon any other ground going to the basis of the claimant's right, then the claimant, within thirty (30) days after the notice of the final action of such board, may, by filing his appeal in the common pleas court of the county wherein the injury was inflicted, be entitled to a trial in the ordinary way, and be entitled to a jury if he demands it.  In such a proceeding, the prosecuting attorney of the county, without additional compensation, shall represent the state liability board of awards, and he shall be notified by the clerk forthwith of the filing of such appeal.

"Within thirty days after filing his appeal, the appellant shall file a petition in the ordinary form against such board as defendant, and further pleadings shall be had in said cause, according to the rules of civil procedure, and the court, or the jury, under the instructions of the court, if a jury is demanded, shall determine the right of the claimant; and if they determine the right in his favor,

shall fix his compensation within the limits under
the rules prescribed in this act; and any final judg-
ment so obtained shall be paid by the state liability
board of awards out of the state insurance fund in
the same manner as such awards are paid by such
board.

"The cost of such proceeding, including a rea-
sonable attorney's fee to the claimant's attorney to
be fixed by the trial judge, shall be taxed against
the unsuccessful party.

"Either party shall have the right to prosecute
error as in the ordinary civil cases."

It is averred in the petition filed in the court of
common pleas that the state liability board of
awards on or about the 26th day of August, 1913,
absolutely rejected the claim of plaintiff without
any right or authority so to do and refused to
make payment in compliance with the provisions of
the law.   The language used in the statute above
quoted is not adopted by the pleader, nor are any
of the grounds enumerated in the proviso set out
in the petition.   But for the purposes of this case
the language used in the petition may be construed
to mean that plaintiff has been denied the right to
participate at all in the state insurance fund and
it may be assumed that facts sufficient to show
jurisdiction in the court of common pleas are
stated.   But the question then arises whether the
allegation to which we have referred was sus-
tained by any evidence.   It appears that the state
liability board of awards did make an award to
plaintiff in error in the sum of $181.71, which was
paid to and accepted by him, and that there was

also made an additional award for medical and hospital services. It is to be observed that the statute which confers the right of appeal does so upon condition that final action of the board denies the right of the claimant to participate at all in the fund, upon one of the grounds therein enumerated. This right of appeal proceeds upon the theory that there has been a finding by the board that it is without jurisdiction to act in the matter. If the board should find that the injury complained of was self-inflicted or that the injury did not arise in the course of employment, or that there was some other ground which went to the basis of claimant's right, then the board, being without jurisdiction, must necessarily deny the right of claimant to participate. The claimant then under the proviso in the statute in question has his day in court, and it is expressly provided that after the appeal is perfected and the pleadings are filed the court or a jury under the instructions of the court, if a jury is demanded, shall determine the right of the claimant to participate in the fund. That is the first question to be determined by the court or jury. If it is determined adversely to the claimant, that is the end of the matter. If there is a finding in his favor then the court or jury goes further and fixes the compensation within the limits and under the rules prescribed by law, and the judgment so obtained shall be paid out of the insurance fund. The court or jury, as we view it, would have no authority under the provisions of this statute to deal with the amount of compensation unless the question of the right of the complainant to partici-

pate in the fund was in issue. In the case under consideration this right was not denied claimant by the state liability board of awards. The matter was unquestionably within its jurisdiction. The employer had contributed to the state insurance fund, the employe was injured in the course of his employment, there could be no denial of his right, and he was therefore permitted to participate in the fund.

But it is urged that when the board on August 11, 1913, held that no further compensation was due and the case was closed, that was the "final action" of the board within the meaning of the statute and was a denial of the right to participate. Counsel do not specify the ground upon which this so-called final action was based. It could not have been upon the first ground, viz., that the injury was self-inflicted; nor upon the second, that the accident did not arise in the course of employment; nor upon any ground which went to the basis of the claimant's right—for instance, upon the ground that the complainant was not an employe of the employer at the time of the injury, or that he had brought an action for damages directly against the employer, and so on. It is true that so far as the record discloses the action taken by the board on August 11, 1913, was its latest action. But we do not think this can be said to be the "final action" of the board within the meaning of the statute. Counsel seem to have given no effect to the provisions of Section 33 of the act of May 13, 1911, now Section 1465-86, General Code, which reads:

"The power and jurisdiction of the board over each case shall be continuing, and it may from time to time make such modification or change with respect to former findings or orders with respect thereto, as, in its opinion, may be justified."

The board in the instant case had jurisdiction of this matter and under the provision just quoted its jurisdiction was continuing, and we are of the opinion that the term "final action" as used in Section 1465-90, *supra,* has relation to the question whether or not the claimant has the right to participate at all in the insurance fund. When the board made a finding favorable to the applicant and allowed the sum of $181.71, that was its "final action." True it subsequently found that no further compensation was due, but that did not prevent plaintiff in error from presenting an application for a rehearing of the matter, which so far as the record discloses has not been done.

This case was certified to this court upon the ground that the judgment was in conflict with that pronounced in the case of *Sam Police* v. *The State Industrial Commission of Ohio,* 23 C. C., N. S., 433. The facts in that case were wholly different. In the *Police case* application was made for compensation for an injury received in the course of employment, viz., double hernia. The state liability board of awards found affirmatively that the hernia from which claimant was suffering and for which he made claim for compensation did not result from an injury received in the course of his employment, the effect of which finding was that the board was without jurisdiction to make an al-

lowance as asked for and therefore there was a denial of the right to participate in the fund upon the second ground enumerated in the proviso in Section 1465-90. In the *Police case* a nominal award was made by the board for something that was not asked for by the applicant. The court of appeals found as a fact that the board denied the right of the claimant to participate at all in the fund on the ground that the accident did not arise in the course of employment, and held that an award of something of which applicant was at no time or in any manner a claimant could not defeat his right to appeal, dependent only upon the denial of the claim made.

As we view the present case, plaintiff in error, in invoking the jurisdiction of the court of common pleas, sought to have that court review the amount allowed to him by the state liability board of awards. His right to participate in the fund, as we have seen, had not been denied, and a denial of this right upon one or more of the grounds set out in the statute being a condition precedent to his right to appeal to the court of common pleas, that court was therefore without jurisdiction to act in the matter, and the court of appeals was correct in so finding.

*Judgment affirmed.*

NICHOLS, C. J., JOHNSON, DONAHUE, JONES and MATTHIAS, JJ., concur.