Hough, J.
The errors complained of are numerous, as shown by the petition in error. We agree, however, with the defendant in error, that all the errors complained of may be grouped under the following:
1. That the court had no jurisdiction of the subject-matter.
2. That the verdict of the jury and the judgment of the court are contrary to law.
As a matter of fact, the sole and only question made here is whether the plaintiff below had the right of appeal to the courts or whether under the facts presented by the record the industrial com *238 mission continued in its jurisdiction over the plaintiff’s claim.
That the industrial commission took jurisdiction of the claim and found all jurisdictional facts necessary to that jurisdiction in favor of the claimant is a conceded and admitted fact. The amended answer clearly makes such admissions. In fact, it admits much and denies little; and in specific terms it denies nothing.
The petition alleges that “further compensation was denied him by said Industrial Commission of Ohio on the ground that the injuries from which and of which plaintiff is suffering did not arise within the scope of his said employment.”
This allegation is not denied in terms in the amended answer, but only inferentially by making the following affirmative averment: “The Commission again heard this claim upon said application, at which time they found and ordered that no further award be made at that time, on the grounds that the proof on file indicated that said applicant, the plaintiff herein, was not entitled to further compensation because of said injury. ’ ’
Unless this latter averment in the answer is intended to deny the allegation of the petition to the effect that the industrial commission denied further compensation on the ground that the injuries did not arise within the course of employment, there is no denial of that fact.
The function of pleadings is to define issues by a statement in the petition, of facts making up the cause of action, and an admission or denial of those facts in the answer. By such a state of pleadings *239 as is found here, three courts have been left in the dark as to just what issues are in the case.
Plaintiff’s counsel based his right of appeal upon the ground that the commission had ultimately found that the injury did not arise Avithin the scope of the employment. If that allegation could be sustained by proof, it certainly would he the predicate for appeal. How this could he deduced as a fact from the findings of the commission is by no means clear, as the findings in no way disclose the grounds or reasons upon which they are founded.
When the answer was filed the plaintiff attempted to discover the real reason by filing a motion to make the answer more definite and certain. The court so ordered, but counsel for the industrial commission declined' to comply Avith that order. The substitution of the word “grounds” for the word “reason” was no compliance. The failure to compel a bona fide, frank and substantial compliance with that order can he explained only on the ground of a more tolerant and lenient attitude on the part of the trial court than would obtain in many jurisdictions.
It is believed that if the plaintiff predicated his right of appeal on the wrong ground, without fault on his part, and the finding of the commission did not disclose that ground, then he should be entitled to have it set out in the answer upon his motion for that purpose.
Upon such unsatisfactory condition of the record, the court is called upon to decide the question of. jurisdiction of the court of common pleas, and the solution of this question depends upon whether or not the final action of the commission was such a *240 final disposition of the ease as to divest it of jurisdiction.
The construction of Section 1465-90, General Code, is pertinent to the inquiry. That section reads in part as follows:
“The commission shall have full power and authority to hear and determine all questions within its jurisdiction, and its decision thereon shall be final. Provided, however, in case the final action of such commission denies the right of the claimant to participate at all or to continue to participate in such fund on the ground that the injury was self-inflicted or on the ground that the accident did not arise in the course of employment, or upon any other ground going to the basis of the claimant’s right, then the claimant, within thirty (30) days after the notice of the final action of such commission, may, by filing his appeal in the common pleas court of the county wherein the injury was inflicted * * * be entitled to a trial in the ordinary way, and be entitled to a jury if he demands it. * * * ”
Counsel for the commission rely, to some extent at least, upon the decision of this court in the case of Snyder v. State Liability Board of Awards, 94 Ohio St., 342. The first paragraph of the syllabus of that case is inapplicable to the instant case, for the reason that it is based on the construction of Section 1465-90, General Code, before its amendment. Amending the section the legislature added the words, “or to continue to participate.” Now, therefore, the decision of the commission shall be final unless its final action denies the right of the claimant either to participate at all, or to continue to participate in such fund, on the ground:
*241 1. That the injury was self-inflicted.
2. That the accident did not arise in the course of employment.
3. Or on any other ground going to the basis of the claimant’s right.
The amended answer admits that the commission found that the injury was not self-inflicted, and that it occurred in the course of employment; and the latest action upon the application for further compensation, and on rehearing of that application, can not be said to contradict that admission.
The exact language of the finding as alleged in the amended answer is:
“They found and ordered that no further award be made at that time, on the grounds that the proof on file indicated that said applicant, the plaintiff herein, was not entitled to further compensation because of said injury.”
The court is denied further insight into the reasons for the action. The proof on file since the initial award has not shrunken or blown away. True, additional proof may have been added contradictory to or conflicting with that already furnished, or showing a change of situation, but this is pure speculation. What is definitely made known is that the proof on file indicated that the applicant was not entitled to further compensation because of the injury.
It is claimed on the one side that this is a final disposition of the claim, an adjudication of claimant’s right; and, on the other, that it is simply a modification or change of former orders, and in no way affects the continuing jurisdiction of the commission.
*242 Reliance for this latter contention is had upon the pronouncement in the second paragraph of the syllabus in the Snyder case, supra, as follows:
“Where an award has been made to a claimant upon his application to the industrial commission its jurisdiction under the provisions of Section 1465-86, General Code (103 O. L., 88), is continuing and it may make such modification or change with respect to the award as in its opinion may be justified, and the provisions of Section 1465-90, General Code, providing for an appeal to the court of common pleas, are not applicable.”
The commission says that the proof indicates that the applicant'is not entitled to further compensation for such injury. And, further, in connection therewith, it terminates the award. This certainly separates the claimant from further compensation, and, if he had a right to further participate in the fund, vacates that right.
What must he do to secure redress under that right? File further application with the commission? That would seem futile, having already filed one application for a rehearing without result. The court must presume, for the purpose of this case, that a denial to further participate in the fund, coupled with a stoppage of payments, is an action final in nature, and one going to some basis of claimant’s right. Rather than a modification, or change, under Section 1465-86, General Code, it was a complete abrogation, revocation and termination of the right “to continue to participate.”
We will therefore presume that under the amendment to Section 1465-90, General ' ’¡Me, the appeal *243 thereunder so taken was properly addressed to the .jurisdiction of the common pleas conrt.
The judgment of the court of appeals is therefore reversed, and that of the court of common pleas is affirmed.

Judgment reversed.

Marshall, C. J., Wanamaker, Robinson, Jones and Matthias, JJ., concur.
Clark, J., took no part in the consideration or decision of the case.