Day, J.
A determination of the question herein presented depends upon whether the court of common pleas had jurisdiction to hear the appeal from the finding of the Industrial Commission.
The right to maintain the action is founded upon Section 1465-90, General Code, which provides, in part:
“The Commission shall have full power and authority to hear and determine all questions within its jurisdiction, and its decision thereon shall be final. Provided, however, in ease the final action of such Commission denies the right of the claim *366 ant to participate at all or to continue to participate in such fund on the ground that the injury was self-inflicted or on the ground that the accident did not arise in the course of employment, or upon any other ground going to the basis of the claimant's right, then the claimant, within thirty (30) days after the notice of the final action of such Commission, may * * * appeal," etc.
It will be noted that an appeal only lies in case the final action of the Commission denies the claimant the right to participate upon one or more of the three classes of grounds set forth in the statute.
Now, every fact was found by the Commission in favor of the claimant, and there was no final action upon the statutory grounds, even though upon the printed form appear these words:
“And the claim was closed.
“ (Note.—The word ‘closed' indicates that no continuation was had.)"
This appears to have been done under date of April 29,1920.
There were certain recommendations by one C. J. Wardlow, an investigator of the Commission, and T. R. Metcher, the chief of the medical division.
These recommendations might or might not be followed by the Commission, but nothing in the record discloses that any affirmative action was ever taken by the Commission itself in the nature of a final action upon this claim. The recommendation to the Commission by the employees thereof is not sufficient in and of itself. The Commission must act in the premises, and until that was done either one way or the other, either by allowance or rejection of the claim upon one of the statutory grounds, there *367 was no final action within the meaning o£ Section 1465-90, General Code. The Commission speaks only by its record, as is provided by Section 1465-40, General Code, and the evidence is silent as to any such affirmative proof.
A part of that section provides:
“All proceedings of the board shall be shown' on its record of proceedings, which shall be a public record, and shall contain a record of each case considered, and the award made with respect thereto, and all voting shall be had by the calling of each member’s name by the secretary and each vote shall, be recorded as cast.”
The meaning of the expression “final action” as used in Section 1465-90 has received judicial interpretation in this state in Snyder v. State Liability Board of Awards, 94 Ohio St., 342, 114 N. E., 268:
“The term ‘final action’ as used in Section 1465-90, General Code (103 O. L., 88), has relation to the question whether or not the Industrial Commission has jurisdiction to allow compensation to a claimant out of the state insurance fund, and under the provisions of that section, as a condition precedent to the right of claimant to file his appeal in the court of common pleas, there must be a denial of his light to participate at all in such fund, based upon one of the jurisdictional matters enumerated in the section.”
Applying the principle therein announced, it is a prerequisite to filing an appeal in the court of common pleas that there must be a denial of appellant’s right to participate at all or to continue to participate in such fund, “based upon one of the jurisdictional matters enumerated in the section.”
*368 This record, on the other hand, shows that the findings of the Commission were in favor of the applicant, so far as the Commission acted in the premises. Until there was final action, upon one of the statutory grounds, denying him participation in the fund, there was no right to maintain the appeal in the court of common pleas; the common pleas court was without jurisdiction to entertain such action; the motion interposed by defendant for a directed verdict in its favor should have been sustained; the Court of Appeals therefore erred in affirming the judgment of the common pleas court overruling such motion, for all of which the judgment of the Court of Appeals is reversed.
Judgment reversed.
Marshall, C. J., Jones and Matthias, JJ., concur.
Robinson, J., concurs in the syllabus, but not in the judgment.