## STATE COURT OF APPEALS—Continued

### No. 49
### RATCLIFFE v. YOUNG
Ohio Appeals, 3rd Dist., Allen Co.
No. 403.    Decided Dec. 11, 1924

891. PARTNERSHIP—Nonresident member having no assets in jurisdiction against which judgment in rem was obtained held not party to personal judgment for partnership debt.
HUGHES, J.

#### Epitomized Opinion
Published only in Ohio Law Abstract

Ratcliffe brought an action against C. E. Young & Son, a partnership, of which the defendant, Curtis E. Young was a member, and in that case no personal service was had for the reason that the partnership and all its members were nonresidents of the state. An attachment was levied in due form against what purported to be partnership property and service was procured by publication under the statute. In this action Ratcliffe seeks to make Curtis E. Young a party to that former judgment under 11651, G., and it is disclosed that the property levied upon in the former action was not the property of the partnership, but actually belonged to Curtis E. Young. In holding that GC. 11651 had no application, the court stated:

1. This is an attempt by Ratcliffe to bring Young in upon service by publication to be made a party to a judgment that had no force and effect.

2. This case cannot be considered as an action brought against a member of the partnership to procure a personal judgment against him for the partnership debt, as it is clearly shown by the pleadings that this action is based solely upon the judgment claimed to exist against the partnership, which is invalid.

Attorneys—C. L. Fess, for Ratcliffe; Roby & Jackson, for Young; all of Lima.

### No. 50
### INDUSTRIAL COM. v. NAGY
Ohio Appeals, 2nd Dist., Montgomery Co.
No. 589.    Decided Jan. 6, 1923

85. APPEALS—Jurisdiction of Common Pleas in appeal from Industrial Commission.
BY THE COURT.

This was an appeal to the Court of Common Pleas from the Industrial Commission. The record shows that Steve Nagy was an employe of the Superior Castings Company of Dayton, and was injured in the course of employment. He presented a claim for complete loss of vision of one eye. The Commission allowed for temporary disability for six and one-seventh weeks, $92.14 and disallowed any further claim in his behalf. Nagy appealed.
The Court of Appeals held:

The only question presented to this Court is as to the jurisdiction of the Common Pleas to entertain the appeal.

We think the case of Perkins v. Industrial Commission, 106 OS. 233, is decisive of this case.

The authority of the case of Snyder v. State Liability Board of Awards, 94 OS. 342, has been superseded by an amendment to the statute; and the case of Hogle v. Industrial Commission, 108 OS. 363, was based upon the failure of the record of the Industrial Commission to show final action disallowing the claim. Here the record clearly shows a disallowance of the claim in excess of six and one-seventh weeks. This, in our judgment, gives jurisdiction to support the appeal.

Attorneys—C. C. Crabbe, Atty. Genl. R. R. Zurmehly, Columbus, for Commission; Joseph Sharts, Dayton, for Nagy.