In February 1922, the plaintiff, Sam Crandall, was employed as a deputy sheriff by Richland county, in this state. And he claims that on February 7th, 1922, he sustained certain injuries in the course of his said employment. On February 20th, 1922, he prepared a claim for compensation and presented the same to the Workmen's Compensation Bureau for consideration. After investigation, the bureau, on April 27th, 1922, made its findings of fact and order for payment of medical expenses in the matter. In such findings and order the bureau found as follows: "That claimant sustained injury on the 7th day of February, 1922. That claimant was regularly employed, at the time of the injury, by Richland county, North Dakota. Prior to and at the time of the injury said employer was a subscriber to the State Insurance Fund; that claimant's injury was sustained in the course of his employment; and that the said injury was not purposely self-inflicted. Claimant has not been disabled for more than seven days on account of said injury and is not entitled to any compensation other than the payment of the expenses incurred on account of said injury. That plaintiff has incurred the following expenses allowed at: The sum of $4.50 for medical expenses. Now, therefore, it is hereby ordered that the claimant is not entitled to any compensation on account of any disability arising out of said injury, save and except the payment of his medical expenses, etc., and it is hereby further ordered that the sum of $4.50 for medical expenses be paid direct to Dr. T. O'Brien."
The record does not show when notice of this decision was given to the plaintiff; but apparently it was prior to May 1st, 1922, as on that date he wrote a letter to the Compensation Bureau asking for a review of the case and stating that if a review were denied he would appeal. No further action was taken until April 12th, 1923, when he filed an application for review. On May 23d 1923, the bureau made an order refusing to reopen the matter. Thereupon, on or about June 5th, 1923, the plaintiff served and filed a notice of appeal together with a complaint. The Workmen's Compensation Bureau interposed a demurrer to the complaint which was overruled. Thereupon an answer was served *Page 639 
and filed and the matter tried to the district court, with the result that judgment was rendered in favor of the plaintiff for the aggregate sum of $6,934.72; which sum was directed to be paid at the rate of $16.67 per week commencing February 7th, 1922. Plaintiff was also awarded costs of the proceedings. The Workmen's Compensation Bureau has appealed from this judgment.
The principal question raised by the Workmen's Compensation Bureau, both in its demurrer and answer, and by objections during the course of the trial, went to the jurisdiction of the court to hear and determine plaintiff's purported appeal. The bureau contended that the order sought to be reviewed was not appealable and that the purported appeal to the district court conferred no jurisdiction upon the court to hear and determine plaintiff's claim for compensation. The same question is raised and the same contention is advanced by the bureau in this court. The question thus raised involves a consideration of the various provisions of the Workmen's Compensation Act and particularly §§ 17 and 18 of that act. These sections read as follows:
"Section 17. The bureau shall have full power and authority tohear and determine all questions within its jurisdiction, and itsdecision thereupon shall be final. Provided, however, in case the final action of such bureau denies the right of the claimant to participate at all in the Workmen's Compensation Fund on the ground that the injury was self-inflicted, or on the ground that the accident did not arise in the course of employment, or upon any other ground going to the basis of the claimant's right, then the claimant within thirty (30) days after the notice of the final action of such Bureau may by filing his appeal in the district court for the county wherein the injury was inflicted, be entitled to a trial in the ordinary way. In such a proceeding, the state's attorney of the county without additional compensation shall represent the Workmen's Compensation Bureau, and shall be notified by the clerk forthwith of the filing of such appeal.
"Within thirty (30) days after filing his appeal, the appellant shall file a petition in the ordinary form against such Bureau as defendant, and further pleadings shall be had in said cause, according to the rules of civil procedure, and the court shall determine the right of the claimant; and if it determines the right in his favor; shall fix his compensation within the limits prescribed in this act; and any final judgment so *Page 640 
obtained shall be paid by the Workmen's Compensation Bureau out of the Workmen's Compensation Fund in the same manner as awards are paid by such bureau.
"The cost of such proceeding, including a reasonable attorney's fee to the claimant's attorney to be fixed by the trial judge, shall be taxed against the unsuccessful party."
"Either party shall have the right to prosecute error as in the ordinary civil cases."
"Section 18. If the original claim for compensation has been made within the time specified in Section fifteen the bureau may, at any time, on its motion or on application, review the award, and, in accordance with the facts found on such review, may end, diminish, or increase the compensation previously awarded, or, if compensation has been refused or discontinued, award compensation."
The North Dakota Workmen's Compensation Act (Laws 1919, chap. 162) is compulsory, its provisions operate upon all persons and all employments within the act (Bordson v. North Dakota Workmen's Comp. Bureau, 49 N.D. 534, 191 N.W. 841; Fahler v. Minot, 49 N.D. 960, 194 N.W. 695), and it substitutes the principle of compensation for that of liability for fault. Fahler v. Minot,49 N.D. 960, 194 N.W. 695; State ex rel. Dushek v. Watland, 51 N.D. 710, 39 A.L.R. 1169, 201 N.W. 682. The remedy provided by the act for the compensation of "workmen injured in hazardous employments, and their families and dependents" is (according to the terms of the act) exclusive "of every other remedy, proceeding or compensation, except as otherwise provided in the act; and to that end all civil actions and civil causes of action for such personal injuries and all jurisdiction of the courts of the state over such causes are abolished, except as in the Act provided." Laws 1919, § 1, chap. 162.
It will be noted that § 17, supra, expressly provides that the Workmen's Compensation Bureau "shall have full power andauthority to hear and determine all questions within itsjurisdiction," and that "its decision thereon shall be final."
And it further provides that a claimant against the workmen's compensation fund shall be entitled to appeal from and obtain a judicial review of the action of the bureau "in case the final action of such Bureau denies the right of the claimant toparticipate at all on the ground that the injury was self-inflicted, or on the *Page 641 
ground that the accident did not arise in the course of employment, or upon any other ground going to the basis of the claimant's right." In considering the scope of the judicial review so afforded this court, in Gotchy v. North Dakota Workmen's Comp. Bureau, 49 N.D. 915, 194 N.W. 666, said:
"It may be observed that the statute accords the right of appeal from the decision of the board (bureau) upon certain designated grounds. . . . It must be remembered that the Compensation Act provides that all civil actions and civil causes of action and all jurisdiction of courts over such causes are abolished, except as in the Act provided. . . . When an appeal is taken from a decision of the bureau the court is empowered to determine two things:
"`The right of the claimant, and, if established, the fixing of the compensation within the limits prescribed in the act.'" Section 17.
"This right of appeal, as may be noted, is limited. No right ofappeal is granted from the recognition or allowance of a claim,or from the amount of an award made by the bureau. In such cases,its determination is final. Otherwise, except as this limitedright of appeal permits, the bureau has full power and authorityto hear and determine finally all questions within itsjurisdiction."
Section 17, supra (like many of the other provisions of our Compensation Act), was doubtless taken from the Ohio Workmen's Compensation Act. So far as concerns the question under consideration here the language of § 17, supra, is identical with the Ohio Law. See § 36, Act of May 31, 1911; 102 Ohio Laws, 531. (The only difference between § 17, supra, and the same provision in the Ohio law is that the Ohio law provides that where an appeal has been taken from the final action of the Workmen's Compensation Bureau, the claimant "shall be entitled to a jury if he demands it," — this clause was eliminated from the statute as enacted in this state).
In considering the scope of judicial review afforded by the appeal authorized by the statute, the supreme court of Ohio in Snyder v. State Liability Bd. of Awards, 94 Ohio St. 342, 114 N.E. 270, said:
"It is to be observed that the statute which confers the rightof appeal does so upon condition that final action of the boarddenies the right of the claimant to participate at all in thefund, upon one of the grounds therein enumerated. The right ofappeal proceeds upon the theory that *Page 642 there has been a finding by the board that it is withoutjurisdiction to act in the matter. If the board should find that the injury complained of was self inflicted, or that the injury did not arise in the course of employment, or that there was some other ground which went to the basis of claimant's right, then the board, being without jurisdiction, must necessarily deny the right of claimant to participate. The claimant then, under the proviso in the statute in question has his day in court, and it is expressly provided that after the appeal is perfected and the pleadings are filed the court, or a jury under the instructions of the court, if a jury is demanded, shall determine the right of the claimant to participate in the fund. That is the first question to be determined by the court or jury. If it is determined adversely to the claimant, that is the end of the matter. If there is a finding in his favor, then the court or jury goes further and fixes the compensation within the limits and under the rules prescribed by law, and the judgment so obtained shall be paid out of the insurance fund. The court orjury, as we view it, would have no authority under the provisionsof this statute to deal with the amount of compensation unlessthe question of the right of the complainant to participate inthe fund was in issue. In the case under consideration this right could not be, and was not, denied claimant by the State Liability Board of Awards. The matter was unquestionably within its jurisdiction. The employer had contributed to the State Insurance Fund, the employee was injured in the course of his employment, there could be no denial of his right, and he was therefore permitted to participate in the fund. . . .
"As we view the present case, plaintiff in error, in invoking the jurisdiction of the court of common pleas, sought to have the court review the amount allowed to him by the State Liability Board of Awards. His right to participate in the fund, as we haveseen, had not been denied, and a denial of this right upon one ormore of the grounds set out in the statute being a conditionprecedent to his right to appeal to the court of common pleas,that court was therefore without jurisdiction to act in thematter, and the Court of Appeals was correct in so finding."
The holding of the Ohio court was epitomized in ¶ 1 of the syllabus thus:
"The term `final action' as used in section . . . has relation to the question whether or not the industrial commission has jurisdiction *Page 643 
to allow compensation to a claimant out of the state insurance fund, and under the provisions of that section, as a condition precedent to the right of claimant to file his appeal in the court of common pleas, there must be a denial of his right to participate at all in such fund, based upon one of the jurisdictional matters enumerated in the section."
The rule announced in Snyder v. State Liability Bd. of Awards, supra, was reaffirmed by the Ohio court in Industrial Commission v. Hogle, 108 Ohio St. 363, 140 N.E. 612.
The decision of the Ohio court in Snyder v. State Liability Bd. of Awards, supra, was rendered more than two years before the provision of the Ohio Workmen's Compensation Act therein construed was adopted and made a part of the Workmen's Compensation Act of this state. Presumptively, the North Dakota legislature adopted this provision in light of the construction which had been placed thereon by the Ohio courts. 25 R.C.L. pp. 1069, 1070; State ex rel. Dushek v. Watland, supra. In other words, it must be presumed that the North Dakota legislature in adopting the provision then in force in Ohio, intended to adopt the same policy in this state as regards appeals which might be taken by claimants from decisions of the Workmen's Compensation Bureau as then prevailed in Ohio under the same provision. In other words, it must be presumed that the legislature intended to afford a claimant against the workmen's compensation fund the right of appeal to the courts only in those cases where the Workmen's Compensation Bureau has taken "final action" upon the claim, within the purview of the statute, and such final action has resulted in a denial of "the right of the claimant to participate at all in the workmen's compensation fund" on one of the grounds enumerated in the statute.
While the decision of the Ohio court in Snyder v. State Liability Bd. of Awards, supra, was not called to our attention at the time of the decision of Gotchy v. North Dakota Workmen's Comp. Bureau, supra, it will be noted that both cases adopt the same reasoning and reach the same result, as regards the scope of judicial review afforded to a claimant against the Workmen's Compensation Bureau. And the rule so announced in these two cases is, we think, clearly in accord with the letter and spirit of the Workmen's Compensation Act. The purpose of that act, according to the express declaration contained therein, was to substitute the remedy therein provided, to the exclusion of all others, *Page 644 
in providing compensation for workmen, who have sustained injuries in the course of an employment subject to the act, in all cases where the employer has complied with the law. In such case the employer is relieved from all personal liability, and the injured employee has no legal claim against him, but is entitled to be compensated according to the terms of the Workmen's Compensation Act, and not otherwise. Whatever compensation is awarded is a charge against and payable out of the workmen's compensation fund. (State ex rel. Dushek v. Watland, 51 N.D. 710, 39 A.L.R. 1169, 201 N.W. 685.) The bureau is charged with the duty of collecting premiums, administering and disbursing the compensation fund, under the law. It has a "continuing obligation and a continuing duty, after, as well as before the award is made." Gotchy v. North Dakota Workmen's Comp. Bureau, 49 N.D. 915, 194 N.W. 666, § 18, supra. The continuing duty of the bureau exists even in cases where the bureau has denied the right of the claimant "to participate at all in the workmen's compensation fund" on one of the grounds specified in the statute and its decision has been reversed on appeal. For, while in such case the court has power to determine not only the right of compensation but also to fix the compensation within the terms of the act, the judgment becomes conclusive upon the bureau only upon the jurisdictional question of the right of the claimant to participate in the fund at all. And the award made by the court in the judgment is subject to the continuing jurisdiction vested in the Compensation Bureau; and in a proper case, "the bureau, after such judgment may increase or diminish the award, or may award a lump sum." Gotchy v. North Dakota Workmen's Comp. Bureau, supra. See also Roma v. Industrial Commission, 97 Ohio St. 247, 119 N.E. 461; Industrial Commission v. Davidson, 101 Ohio St. 71, 126 N.E. 876.
The legislature has declared in the most unmistakable terms that "the bureau shall have full power and authority to hear and determine all questions within its jurisdiction and its decisions thereon shall be final." Section 17, supra. The extent of the injuries of a claimant, who is found to be entitled to participate in the compensation fund, is obviously a question within the jurisdiction of the Compensation Bureau, — a question on which the statute says the decision of the bureau "shall be final." Gotchy v. North Dakota Workmen's Comp. Bureau, *Page 645 
supra; Snyder v. State Liability Bd. of Awards, 94 Ohio St. 342, 114 N.E. 270; Industrial Commission v. Hogle, supra.
In the instant case, the compensation bureau did not find the claim of the plaintiff to be outside of its jurisdiction. There was no denial of "the right of the claimant to participate at all" in the workmen's compensation fund "on the ground that the injury was self-inflicted, or on the ground that the accident did not arise in the course of employment, or upon any other ground going to the basis of the claimant's right." On the contrary, the bureau specifically found that at the time of the injury and prior thereto plaintiff's employer was a subscriber to the workmen's compensation fund; that plaintiff sustained certain injury in the course of his employment; and that said injury was not purposely self-inflicted. In this case, therefore, there was a finding by the Workmen's Compensation Bureau that the claim in controversy is one within its jurisdiction and that the claimant is entitled to participate in and receive compensation from the compensation fund for the specific injury for which he claimed compensation. But the Workmen's Compensation Bureau further found that the injuries sustained were of such slight character as to entitle the claimant to no compensation except the sum of $4.50 for medical expense. This is the finding which is said to be erroneous and which the plaintiff asked the workmen's compensation bureau to reopen and reinvestigate and consider anew. The bureau denied the application to reopen, but in no manner modified its former findings. The undisputed fact remains that there has been no finding by the bureau that it is without jurisdiction to act in the matter; there has been no final action of the bureau denying "the right of the claimant to participate at all in the workmen's compensation fund on the ground that the injury was self-inflicted, or on the ground that the accident did not arise in the course of employment, or upon any other ground going to the basis of claimant's right." In other words, there has been no denial of claimant's right "to participate at all in the workmen's compensation fund" upon one or more of the jurisdictional grounds specified in the statute.
If it is true, as the plaintiff contends, that the bureau committed an error in its determination as to the extent of plaintiff's injury, the bureau has the unquestioned power to correct its error (§ 18, supra) as the claim in controversy here was indisputably filed within the time *Page 646 
provided by law (Laws 1919, § 15, chap. 162). If the injuries sustained by the plaintiff were more serious than the compensation bureau believed them to be at the time of their determination it is not only within the power, but it is the duty of the bureau to take such action as will insure that the plaintiff receives such compensation as he is justly entitled to receive under the provisions of the act. But this power is vested in the Workmen's Compensation Bureau, and not in the courts; and the duty which arises from the power granted rests upon the bureau and must be performed by it. The legislature has deliberately chosen to abolish all the ordinary judicial remedies formerly existing in cases like the one before us, and to substitute therefor a state insurance fund out of which to compensate employees, who, like the plaintiff in this case, have sustained certain injuries in the course of employment. The legislature has further vested, the Workmen's Compensation Bureau with full power to hear and make final determination of all questions of fact relating to claims within its jurisdiction; and it has said that a claimant against the compensation fund shall have the right to appeal from and obtain a judicial review of the decisions of the Compensation Bureau only "in case the final action of such bureau denies the right of the claimant to participate at all in the workmen's compensation fund on the ground that the jury was self-inflicted, or on the ground that the accident did not arise in the course of employment, or upon any other ground going to the basis of the claimant's right." Whether these legislative provisions are wise or unwise is not for us to determine. The provisions exist. Their validity is not questioned, and their meaning is, we think, too clear for doubt. It is the duty of the courts to give effect to the intention of the lawmakers as expressed in the law.
It follows from what has been said that the judgment appealed from must be reversed, and the cause remanded with directions to dismiss the action. It is so ordered.
BIRDZELL, NUESSLE, JOHNSON, and BURKE, JJ., concur.
 On rehearing.