DEREWICKI, APPELLEE, *v.* THE YOUGHIOGHENY & OHIO COAL CO., APPELLANT.

(Decided December 15, 1939.)

*Mr. T. J. Duffy,* for appellee.
*Mr. Gordon D. Kinder,* for appellant.

NICHOLS, P. J. Joe Derewicki, claimant, was injured October 31, 1924, in the course of his employment with The Youghiogheny & Ohio Coal Company in Belmont county, Ohio, that company having complied with the requirements of the Workmen's Compensation Act and having been granted authority by the Industrial Commission of Ohio to pay compensation direct to its injured employees.

The claim of Derewicki was recognized by the Industrial Commission and upon its orders he was paid compensation by defendant, in the amount of $2,081.25, on temporary total disability basis, from the date of his injury and at various intervals to November 1, 1930, and from that date to September 2, 1934, he was paid

$3,750, the maximum amount provided by law for temporary partial disability, on maximum impairment basis.

Thereafter, under the continuing jurisdiction of the Industrial Commission, for the purpose of determining whether claimant was permanently and totally disabled as a result of his injuries, so as to entitle him to further compensation, the claim came on for further hearing before the commission, and under date of January 4, 1935, the following order was made:

"This date, to wit: January 4, 1935, this claim coming on for further consideration of medical review of report of Dr. McGregor, and the other proof on file, which matters being duly and fully considered by the commission, it is the finding of the commission that *claimant still has a partial disability.*

"Claimant having been compensated in the full amount provided by statute for temporary partial disability, the commission finds that the *claimant is not permanently and totally disabled as a result of the injury upon which the claim was based.*" (Italics ours.)

Within thirty days following the receipt by claimant of notice of such order, he filed with the commission an application for rehearing. In the stipulation contained in the record it is recited that this application for rehearing was filed in accordance with Section 1465-90, General Code. All procedure with reference to this claim is governed by the law in effect at the time claim for the injury was first filed with the commission, and at that time Section 1465-90, General Code, did not provide for rehearing as a prerequisite to appeal to the Common Pleas Court, and it is one of the contentions raised by defendant that because claimant did not prosecute his appeal to that court within thirty days from receipt by him of notice of the commission's order of January 4, 1935, his appeal must be dismissed.

However, it is conceded that prior to the amendment

of Section 1465-90, General Code, effective July 15, 1925, the commission had duly adopted rule 25, which reads as follows:

"Application for rehearing in a claim may be filed by either the claimant or employer within thirty days from the date of the order and finding of the commission complained of. Upon the filing of such application, the chief, division of workmen's compensation shall fix a time and place for hearing the same, notifying both parties thereof. Upon the hearing of the application for rehearing, if it appears to the commission that substantial justice has not been done to the party, a rehearing will be granted and the parties will be notified of the time and place of such rehearing. If, upon the hearing of said application for rehearing, the commission is of the opinion that substantial justice was done the parties at the original hearing, the application for rehearing will be denied.

"Application for rehearing must be made on forms furnished by the commission and must be verified by the party filing the same, his agent or attorney, and must contain statements which, if true, will entitle the party making such application to a rehearing."

Under the continuing jurisdiction of the commission, provided for in Section 1465-86, General Code, the commission was authorized to give further consideration to the claim of Derewicki, either on its own motion or on application of claimant or other interested party. Since each industrial claim is governed by the statutory procedure in effect at the time of injury, we see no reason why the rules adopted by the commission, pursuant to statutory authority before the 1925 amendment to Section 1465-90, General Code, should not likewise apply to procedural matters relating to claims arising before July 15, 1925. In dealing with such claims there is certainly as much reason now for the application to such claims of pertinent rules of

the commission as there was at the time of the adoption of such rules.

Apparently, the employer objected to the rehearing of the claim, for the record shows that on May 28, 1935, the commission sent out notices that the claim would be heard on June 17, 1935, "on the question of a right to a rehearing."

June 17, 1935, the commission apparently concluded that under its statutory continuing jurisdiction and its applicable rule 25, it was privileged to rehear the claim, for the record shows that on June 17, 1935, the commission made the following order:

"It is the order of the commission that the claim be scheduled for the taking of testimony on rehearing. Exceptions to be noted on behalf of the employer."

By that order, the commission led claimant to believe that it would rehear the claim by the taking of additional testimony. Assuming the good faith of the commission, we are at a loss to understand why it held the claim without taking such testimony and finally, on November 27, 1937, made the following order:

"That the application for rehearing and all proceedings thereunder be dismissed for the reason that claim was filed before the effective date of Section 1465-90 of the General Code of Ohio and his appeal is not governed by that section."

Within thirty days after the last-mentioned order, claimant filed his appeal in the Common Pleas Court of Belmont county, resulting in a trial to a jury and its finding that claimant "is totally and permanently disabled on account of injury sustained in the course of employment and that he is entitled to participate in the Workmen's Compensation Fund to the extent of $18.75 a week for and during his natural life."

We find and hold that although the commission did not take testimony on rehearing in accordance with its expressed determination, but on the contrary made its order on November 27, 1937, dismissing claimant's

application for rehearing for an insufficient reason, it was, nevertheless, acting under its continuing jurisdiction in relation to this claim and made no final order in reference thereto until November 27, 1937, and claimant appealed within the time prescribed by law to the Common Pleas Court, the order of dismissal by the commission being the equivalent of a reaffirmation of its order of January 4, 1935. While it made no new order with reference to claimant's disability, it was nevertheless rightfully its jurisdiction so to do; and had it taken the testimony which we now find in the record, we have the belief the commission should have arrived at the same decision as the jury in the Common Pleas Court.

In *State, ex rel. Podley,* v. *Industrial Commission,* 127 Ohio St., 583, 190 N. E., 407, which was an action in mandamus to compel the commission to grant a rehearing, in sustaining a demurrer to relator's petition it is stated in the opinion by the court that "Section 1465-90, General Code, which is now in force and provides for a rehearing, does not apply to appeal from a proceeding which was pending when that statute was amended, such appeal being governed by the statute in effect at the time the relator's original claim was filed, which afforded relator an adequate remedy at law by filing an appeal in the Common Pleas Court within thirty days *after a rehearing was refused. (Industrial Commission* v. *Vail,* 110 Ohio St., 304 [143 N. E., 716].)" (Italics ours.)

The language of the statute in effect at the date of the filing of claimant's original claim (109 Ohio Laws, 296) determines the question by providing that the claimant must file his appeal in the Common Pleas Court within thirty days after notice of the "final action of such commission." Clearly, the final action of the commission was its order dismissing claimant's application for rehearing, and his appeal was taken within thirty days from notice of that action.

The question remains, however, whether the order of November 27, 1937, considered as the commission's final action and a reaffirmance of its decision of January 4, 1935, is such an order that an appeal could be filed therefrom under the provisions of Section 1465-90, General Code, as that section read at the time of the filing of claimant's original application (109 Ohio Laws, 296).

Claimant, having been paid the maximum amount provided by the Workmen's Compensation Act for partial disability, could receive no further compensation until it be determined by the proper board or court that he is permanently and totally disabled as a result of the injury.

It seems to be the contention of counsel for claimant that since, on his application for an additional award, claimant presented credible evidence showing that he was in fact permanently and totally disabled as a result of the injury, he has the right to file his appeal to the court from an adverse decision of the commission on this question. Counsel so contends from the fact that it was not until the amendment of July 15, 1925, that Section 1465-90, General Code, contained the clause "including the extent of disability and amount of compensation to be paid in each claim," in prescribing the jurisdiction and finality of the decision of the commission, as set forth in the first sentence of the section.

The quoted words, "including the extent of disability and amount of compensation to be paid," added nothing to the section, since the commission, at and before the addition of these words, had *full power* and *authority* to *hear* and *determine all questions* within its jurisdiction; and Section 1465-86, General Code, then as now, gave the commission continuing jurisdiction "over each case," with the right to "from time to time make such modification or change with respect to

former findings or orders with respect thereto, as, in its opinion may be justified."

Upon this subject, the Supreme Court has spoken in the case of *Noggle* v. *Industrial Commission*, 129 Ohio St., 495, 196 N. E., 377. Noggle was injured February 17, 1918, at which date Section 1465-86, General Code, was in identical language as at the date Derewicki, the claimant in this case, was injured. Between the date Noggle was injured and the date Derewicki was injured Section 1465-90, General Code, had been twice amended (108 Ohio Laws, Pt. 1, 322, and 109 Ohio Laws, 296). But the changes made by these amendments did not, in our opinion, alter the law that a finding of the commission, *within its jurisdiction*, such as determining the extent of disability, is a decision from which there is no appeal.

In *Noggle* v. *Industrial Commission, supra,* at the bottom of page 502, it is stated in the opinion by Judge Jones:

"In 1925, Section 1465-90, General Code, was amended by the inclusion of the clause, 'including the extent of disability and amount of compensation to be paid in each claim.' That the inclusion of that clause did not fundamentally change the right of appeal is evidenced by the second paragraph of the syllabus in the early case of *Snyder* v. *State Liability Board of Awards,* 94 Ohio St., 342, 114 N. E., 268."

After further reference to the subject and citation of cases, the opinion proceeds:

"These as well as earlier cases, hold that a finding of the commission within its jurisdiction, such as determining the extent of disability, is a final decision from which there is no appeal."

Claimant's counsel attempts to distinguish the *Noggle case,* and claims that at the time of Noggle's injury, which was prior to 1921, the statute provided for a trial *de novo* on appeal, and that in 1921 the law was amended to provide that on appeal the rights of

the claimant were to be determined on the commission's record and no other evidence, and counsel cites to this effect the case of *Industrial Commission* v. *Hilshorst*, 117 Ohio St., 337, 158 N. E., 748. In that case, the Supreme Court held that the language of amended Section 1465-90, General Code, effective August 16, 1921, providing for "trial in the ordinary way" and also providing that on appeal the right of claimant shall be determined "upon the evidence contained in such record and no other evidence" is so inconsistent as to be irreconcilable and hence held that the parties could introduce additional evidence on appeal. Not until the amendment effective July 15, 1925, making rehearing before the commission a prerequisite to appeal, was the trial on appeal limited to the record made before the Industrial Commission. Counsel fails in his attempt to distinguish this case from the *Noggle case.*

We think the *Noggle case* is controlling in the case now under consideration; and this was, likewise, the view of the Common Pleas Court, as indicated in its opinion to which we have had access, but that court was of opinion, and so held, that the final order of the commission in this claim was an appealable order, construing the language of that order as hereinbefore quoted to mean that the Industrial Commission had found claimant to be totally and permanently disabled but not as a result of the injury of October 31, 1924. If that is the correct construction to be put upon the order of the commission, then we agree it was an appealable order, for in that event the commission would have no jurisdiction to award further compensation, and appeal would lie to the Common Pleas Court in which the court or a jury would determine whether the total and permanent disability of the claimant was or was not the result of such injury.

We regret, however, that we cannot agree with the Common Pleas Court in the construction to be placed on the commission's order of January 4, 1935. To this

court it seems clear from the language used in that order the commission expressly found on that date that "claimant still has a partial disability" and "claimant having been compensated in the full amount provided by statute for temporary partial disability" he was granted no further compensation. Taken in connection with the whole language of the finding of the commission, it is clear to this court that the further language used, to wit, that "the commission finds that the claimant is not permanently and totally disabled as a result of the injury upon which the claim was based" cannot be construed to mean that the commission found claimant was then permanently and totally disabled but that all or some part of that total disability was not the result of the injury. This is further shown by the fact that the report of Dr. McGregor, referred to in the order of the commission, shows the finding by Dr. McGregor that claimant was then but 60 per cent disabled and but 25 per cent of his disability was due to the accident and the remaining 35 per cent was probably due to the aging process and to other unrelated factors. Dr. Toops, of the commission's medical staff, in reviewing Dr. McGregor's report, concludes:

"If he [Dr. McGregor] is correct in his estimate the claimant cannot be considered as a permanent total."

That Dr. Toops had little faith or credit to be given to the report of Dr. McGregor is evidenced by the fact that Dr. Toops further states in his review:

"This claimant evidently received a severe injury but we have no reports in the file to show its exact nature and extent. In fact, he evidently received a fracture of the right leg which was not reported for several years and to which no attention has ever been paid. He has been considered as partially disabled to a maximum degree since November 1, 1930, and to consider now that he has only 25 per cent disability as the result

of injury would be quite a drop. Either we have been greatly wrong in our estimates or he has made a wonderful improvement since he was last examined by one of our examiners. Dr. McGregor says that he is able to do some light work but that the greater part of his disability is due to conditions resulting from his age."

The record shows there was also before the commission at its last hearing the testimony of Dr. Charles Wingerter, Wheeling, West Virginia, a graduate of Bellevue Hospital Medical College, New York city, 1894, who testified that claimant was totally and permanently disabled and that all his disabilities were the result of the injury claimant received October 31, 1924, although on cross-examination he admitted that he did not connect his high-blood pressure or impairment of vision with the injury.

Dr. Geo. T. Harding, to whom claimant had been referred by the commission for examination, found and reported that he has a disability which is permanent and due to the skull fracture of October 31, 1924; that his disability is more than 50 per cent and less than 100 per cent.

The testimony of other medical witnesses is in the record, some of which is to the effect that claimant is only partially disabled and is able to do light work, and other of which tends to support the claim that he is totally and permanently disabled.

In the state of the evidence which was before the commission, a situation developed calling upon the Industrial Commission, in the exercise of the jurisdiction reposed by the Workmen's Compensation Act, to determine the nature and extent of claimant's disability and whether due to the injury of October 31, 1924. The commission found he was but partially disabled; nothing in the commission's order indicates a finding by it that claimant was totally and permanently disabled, whether as a result of the injury or not, and it

follows that the order made by it is not a final appealable order, and the trial court erred in finding it such and in failing to dismiss claimant's appeal.

Coming now to enter the judgment which the Common Pleas Court should have rendered, the claimant's petition is dismissed at his costs, it appearing that the Common Pleas Court had no jurisdiction of the action.

*Petition dismissed.*

CARTER and McCURDY, JJ., concur.

McCURDY, J., of the Fourth Appellate District, sitting by designation in the Seventh Appellate District.