*454
 
 Bevis, J.
 

 It is the contention of the relator that the commission, by reason of the proceedings had, is without jurisdiction further to consider this claim or to make findings or orders therein. It seeks accordingly an order of prohibition.
 

 Section 1465-86, General Code, provides:
 

 “The powers and jurisdiction of the board over each case shall be continuing, and it may from time to time make such modification or changes with respect to former findings or orders with respect thereto, as, in its opinion, may be justified. Provided, however, that no such modification or change or any finding or award in respect of any claim whether filed heretofore or hereafter shall be made with respect to disability, compensation, dependency or benefits, after ten years from the last payment theretofore made of compensation of benefits awarded on account of injury or death, or ten years after the injury in cases in which no compensation ever has been awarded * *
 

 Less than ten years have elapsed since the date of the last payment. The commission, therefore, has power to modify or change its former findings unless it lacked jurisdiction of the claim
 
 ab initio
 
 or its jurisdiction has been lost through subsequent proceedings.
 

 That the claimant was injured in the course of his employment in 1926 is not denied. At that time the commission took jurisdiction of his claim and made an allowance which was paid.
 

 No new or different injury has ever been alleged. No new or different consequence of the injury is asserted. The claimant, from the beginning, has maintained that the continuing consequences of his original injury entitled him to further compensation. The commission found that those consequences ceased on October 10, 1926. Repeated applications, followed by repeated reconsiderations, have so far resulted in no change in that finding. But the commission continues to hear and to pass upon Bereiza’s applications.
 

 
 *455
 
 The relator does not contend that the commission was without jurisdiction at the time the injury occurred, but it does contend that such jurisdiction has since been lost. This contention appears to be based upon the fact that what was denominated an “application for rehearing” was made and denied.
 

 In determining the legal effect of an order of the commission the court will look not alone to the order itself, but to the entire record of the case. It was urged in argument that the report of the physician that “the injury received while working for The Metal Specialty Company, was not responsible for claimant’s physical condition”, followed by the commission’s finding that “the claimant has been fully compensated for the disability resulting from the injury”, constituted a determination by the commission that it had no further jurisdiction. This argument, however, disregards the provision of Section 1465-90, General Code, that: “The commission shall have full power and authority to hear and determine all questions within its jurisdiction, and its decisions thereon, including the extent of disability and amount of compensation to be paid in each claim, shall be final.”
 

 Having properly assumed jurisdiction of the case, the commission had the authority to determine “the extent of the disability and amount of compensation to be paid”.
 

 That is exactly what it did. In the exercise of this jurisdiction it is “final”;
 
 i. e.,
 
 so long as it acts reasonably and in good faith, its action is not subject to reversal or modification by another tribunal. It may, however, under the terms of Section 1465-86, General Code,
 
 supra,
 
 itself modify or change such findings upon proof of new or changed conditions within the period of limitation. Pursuant to this authority it has continued to entertain the claimant’s applications for further compensation, and had such an application under consideration when the present suit was filed.
 

 
 *456
 
 Both the claimant and the commission have proceeded all through the case upon the theory that the commission retained jurisdiction.
 

 Section 1465-90, General Code, following the provisions quoted,
 
 supra,
 
 says:
 

 “In all claims for compensation on account of injury, or death resulting therefrom, if the commission finds that it has no jurisdiction of the claim and has no authority thereby to inquire into the extent of disability or the amount-of compensation, and denies the right of the claimant to receive compensation, or to continue to receive compensation for such reason, then the claimant may within thirty days after receipt of notice of such finding of the commission, file an application with the commission for a rehearing of his claim, whereupon the former action of the commission thereon shall be vacated and the commission shall fix a date for rehearing of such claim and give the claimant and his employer at least one week’s prior notice thereof; at said hearing, if the claimant is asking for compensation from the state fund, the attorney general, or any one or more of his assistants or special counsel who have been designated by him to act as attorney to the commission, may represent the state fund, * * *.
 

 “Such hearing shall be had and the evidence for and against the allowance of the claim submitted as in the trial of civil actions. The commission shall pass upon the admissibility of evidence, but either party may at the time make objection and take exception to the rulings of the commission thereon, and if the commission refuses to admit any evidence, the party offering the same shall state the nature of such evidence and the matter which such party proposes to prove thereby, and such statement shall be made a part of the record of such rehearing.”
 

 Not only was there no finding by the commission that it had “no jurisdiction of the claim and * * * no authority thereby to inquire into the extent of the dis
 
 *457
 
 ability or the amount of compensation”, but no attempt was made to comply with any of the foregoing requirements for a rehearing, which are prerequisite to the jurisdiction of the Court of Common Pleas upon appeal. The so-called “applications for rehearing” were, in effect, nothing more than requests that the commission, in the exercise of its continuing jurisdiction, reconsider its prior finding and allow additional compensation for the injury sustained in the course of Bereiza’s employment.
 

 It follows that the commission still has jurisdiction of the claim and may legally entertain and determine the pending application.
 

 The writ of prohibition prayed for must, therefore, be denied.
 

 Writ denied.
 

 Weygandt, C. J., Stephenson, Jones, Matthias, Zimmerman and Wilkin, JJ., concur.