*498
 
 Jones, J.
 

 Noggle was injured and made his application in February, 1918. His counsel, therefore, contends that his right of appeal is governed by the statute in force at the time of filing his application under the principle announced in
 
 Industrial Commission
 
 v.
 
 Vail,
 
 110 Ohio St., 304, 143 N. E., 716, and
 
 W. S. Tyler Co.
 
 v.
 
 Rebic,
 
 118 Ohio St., 522, 161 N. E., 790. Accepting his viewpoint on that question, we will consider the construction of that part of the section which relates to the right of appeal from the Industrial Commission to the Common Pleas Court.
 

 Section 1465-90, General Code (107 Ohio Laws, 162), before amendment in its present form, read as follows: “The commission shall have full power and authority to hear and determine all questions within its jurisdiction, and its decision thereon shall be final. Provided, however, in case the final action of such commission denies the right of the claimant to participate at all or to continue to participate in such fund on the ground that the injury was self-inflicted or on the ground that the accident did not arise in the course of employment, or upon any other ground going to the basis of the claimant’s right, then the claimant, within thirty (30) days after the notice of the final action of such commission, may, by filing his appeal in the common pleas court of the county wherein the injury was inflicted, be entitled to a trial in the ordinary way, and be entitled to a jury if he demands it. * * * ” It will be noted that this section confers full power upon the commission to determine all questions)
 
 within its jurisdiction,
 
 and that its decision
 
 thereon
 
 (questions within its jurisdiction) shall be final. It then provides that if the commission’s final action denies the right of the claimant to participate in the fund on one of three grounds, he may file an appeal. Those grounds are, (1) that the injury, is self-inflicted, (2) that the injury did not arise in the course of employment, and (3) any
 
 *499
 
 other ground going to the basis of the claimant’s right. Counsel for Noggle contends that the failure of the commission to award him compensation for permanent total disability is a denial “going to the basis of the claimant’s right” and that the claimant has the right to appeal. Such a denial does not go to the basis of his right. The basis of his right to compensation was conceded by the commission. It admits that the injury was not self-inflicted, that it arose in the course of employment, but denies only the amount of compensation which he claims’he is entitled to receive; or, stating the exact issue in the case, it denied him the right to receive, during his life time, the statutory compensation given to one who is permanently and totally disabled when it found the proof established
 
 partial
 
 disability only.
 

 The basis of claimant’s right rests upon the establishment of jurisdiction in the commission to hear and determine his right to participate at all or to continue to participate; .when that jurisdiction has been conceded or when the commission finds' all the facts in claimant’s favor necessary to give it jurisdiction, then the statute specifically states that the commission has full power to “determine all questions within its jurisdiction, and its decisions thereon shall be final.” To hold that a claimant may appeal from the extent of disability or from the amount of compensation awarded or denied would make the quoted clause meaningless, for it is difficult to conceive a case where the commission’s decision would be final if a claimant could appeal from a mere denial of the amount claimed by him, when the denial is based on the extent of his disability or upon a disputed amount of weekly wage received. To so hold would permit appeals in every disability case where the issue was whether the disability was total or partial, and in every case where it was claimed the allowance was too' low. Moreover, the adoption of the theory advanced by plaintiff in error
 
 *500
 
 might lead to repeated appeals to the court from unsatisfactory awards made by the commission from time to time, thus ignoring the continuing jurisdiction given to the commission by the statute to which we shall now allude.
 

 That statute is Section 1465-86, General Code, pertaining to the commission’s continuing jurisdiction. The following provision thereof is the same now as it was when this accident occurred, and reads as follows: “The powers and jurisdiction of the board over each case shall be continuing, and it may from, time to time make such modification or change with respect to former findings or orders with respect thereto, as, in its opinion may be justified.” This section was intended to grant opportunity for a claimant to apply for greater compensation, such as increases from partial to total disability if his condition should warrant it; and, on the other hand, if his earlier total disability becomes partial or if the claimant completely recovers, the commission, under this section and upon proper showing, “may from time to time make such modification or change with respect to former findings or orders * *
 
 *
 
 as, in its opinion may be justified.” Upon the question of appeal, Sections 1465-86 and 1465-90, General Code, should be read
 
 in pari materia,
 
 and together construed, since they form a complete scheme for the protection of the, claimant and also for the protection of the fund. But if the theory of counsel for Noggle prevails, the vitality of Section 1465-86, General Code, is destroyed. Permitting appeals to, the court from sundry findings involving the extent of disability and at the same time permitting retention of jurisdiction in the commission on questions involving the character of disability and the amount of compensation to be awarded are not only inconsistent, but would effectively nullify the provisions of the latter section. Let us apply such theory to the case at bar. Here the issue was whether the claimant was perma
 
 *501
 
 nently and totally disabled. Tbe commission found he was not. He appeals and tbe trial court finds be was totally disabled and awards him compensation, in conformity with tbe then statute, for total disability for life. Can such judgment be modified by tbe commission under its continuing jurisdiction should it thereafter appear that tbe claimant bad wholly recovered? If tbe amount of disability compensation be appeal-able, as claimed, and tbe efficiency of tbe continuing jurisdiction be also upheld, tbe extent of disability would be bandied between commission and court after each order of denial. These features clearly demonstrate it was never tbe intention of tbe Workmen’s Compensation Law to permit appeals from orders of tbe commission relating to tbe extent of disability and tbe amount of compensation which a claimant should receive, and furnish a convincing reason for tbe inclusion of tbe clause in Section 1465-90, General Code, providing that tbe commission has full power to determine all questions within its jurisdiction and that its decisions thereon should be final. For what boots it if, having taken jurisdiction, tbe commission’s finality of decision is set aside by a jury’s verdict on appeal?
 

 There has been some confusion in our reported cases as to when a commission’s order may or may not be appealed. Much of this confusion arises from tbe doubtful character of
 
 the
 
 commission’s orders. But, with one or two exceptions, this court has consistently held that tbe right of appeal is given only when tbe commission bases its denial of the right of claimant to receive compensation upon its finding that it has no jurisdiction of tbe claim.
 

 Tbe Summit county decision, certified to be in conflict with tbe instant case, seemed to rely upon tbe following cases, to wit:
 
 State, ex rel. Araca,
 
 v.
 
 Industrial Commission, supra; State, ex rel. Cezkovsky,
 
 v.
 
 Industrial Commission,
 
 126 Ohio St., 434, 185 N. E., 807;
 
 *502
 

 Industrial Commission
 
 v.
 
 Phillips,
 
 114 Ohio St., 607, 151 N. E., 769; and
 
 Industrial Commission
 
 v.
 
 Link,
 
 122 Ohio St., 181, 171 N. E., 99. The
 
 Araca case, supra,
 
 was modified in the
 
 Depalo case, supra,
 
 recently decided by this court. The
 
 Ceskovsky case, supra,
 
 supports our present conclusion that, in order to have a rehearing and an appeal, the denial of claimant’s right to compensation must be based upon a finding of the commission that it “has no jurisdiction of the claim.” In, the
 
 Phillips case, supra,
 
 the statement of facts discloses that appeal was allowed because the commission found that claimant’s disability was not due to the accident or that his injuries did not result therefrom. In the
 
 Ceskovsky case, supra,
 
 we decided that if the commission found that the “disability * * * was not the result of the injury sustained,” a rehearing should be allowed, thus entitling claimant to appeal. The
 
 Link case, supra,
 
 does lend support to the Summit county decision. Three members of this court refused their concurrence therein. The case chiefly relied on in the
 
 Link case
 
 was the
 
 Phillips case, supra,
 
 which is clearly distinguishable from this, since appeals were permitted because the commission had found, in substance, that the injuries were not due to the accident. The majority in the
 
 Link case
 
 clearly misconceived and misapplied the principle announced in the
 
 Phillips case
 
 (in which the same judges had all previously concurred), and fell into error in its misapplication. The
 
 Link case
 
 is not only not supported by the
 
 Phillips case, supra,
 
 but it is not in accord with our many decisions holding that the commission must find that it has no jurisdiction of the claim before an appeal can be had. The first paragraph of the syllabus in the
 
 Link case
 
 is therefore overruled.
 

 In 1925, Section 1465-90, General Code, was amended by the inclusion of the clause, “including the extent of disability and amount of compensation to be paid in each claim”. That the inclusion of that clause did
 
 *503
 
 not fundamentally change the right of appeal is evidenced by the second paragraph of the syllabus in the early case,
 
 Snyder
 
 v.
 
 State Liability Board of Awards,
 
 94 Ohio St., 342, 114 N. E., 268. The section then read as it did at the time of Noggle’s injury and did not contain the included clause inserted in the amendment of 1925. That was also a disability case where an award was made and appeal attempted. This court held that, owing to the continuing jurisdiction provided by Section 1465-86, an appeal from the disability award did not lie. The
 
 Snyder case, supra,
 
 was quoted and relied upon in the case of
 
 Industrial Commission
 
 v.
 
 Bogle,
 
 108 Ohio St., 363, 140 N. E., 612, where the right of appeal was sought but denied under the conoriven to the provisions of Section 1465-90, General Code, as they read before the inclusion of the foregoing clause inserted in the amendment of 1925. The same concision is also supported by the following recently decided cases holdin ■; !h,it the right of appeal depends upon the fact whether the record and final order-hf the commission disclose that its denial of claimant’s right to receive compensation is based upon a finding
 
 that the commission has no jurisdiction 'of the claim. State, ex rel. Depalo,
 
 v.
 
 Industrial Commission, supra; Metal Specialty Co.
 
 v.
 
 Gregory, supra; State, ex rel. Gerard,
 
 v.
 
 Industrial Commission,
 
 128 Ohio St., 558, 192 N. E., 730. These as well as earlier cases, hold that a finding of the commission within its jurisdiction, .such as determining the extent of disability, is a final decision from which there is no appeal. The last word spoken by this court upon this subject, and concurred in by every member, was in the
 
 Gerard case, supra,
 
 wherein the
 
 per curiam
 
 opinion ends with the following language: “It has been announced in numerous decisions of this court that under this statute a claimant is entitled to a rehearing only when the Industrial Commission bases its denial of the right of claimant to receive compensation, or to continue to
 
 *504
 
 receive compensation, upon its finding that the commission has no jurisdiction of the claim.” These later decisions, concurred in by every participating member of the court, were rendered after the conflict case arising in Summit county had been decided. Had the Summit county Court of Appeals had the benefit of these decisions, probably its judgment would have been otherwise and this case would not have reached the lap of this court by way of certification.
 

 We have assumed the task of pointing out not only that our past decisions have generally upheld the construction we now and heretofore have given to Section 1465-90, General Code, but that any other construction would devitalize the statute conferring finality of decision upon the commission and would, by .piiváairiaLterpretation, nullify the effectiveness of- Section 1465-86, conferring continui - - upon the corn-duty rests'not upon- the court but upon ^he Legislature mission. If the latter repealed, that
 

 The record of this case discloses thai, the commission made no finding that it had no jurisdiction of the claim, but found that, having paid the maximum amount allowed for partial disability, they hhd no jurisdiction
 
 “to make a further award.”
 
 The lack of-jurisdiction must appear affirmatively from the record; it is not presumed. “It must appear that the Commission’s denial was based upon a finding that it had no jurisdiction of the claim and no authority to inquire into the extent of disability or the amount of compensation. There is no presumption that a finding of the Commission denying the right to continue to receive compensation is based upon jurisdictional grounds.”
 
 State, ex rel. Depalo,
 
 v.
 
 Industrial Commission of Ohio, supra.
 
 In addition to this, not only did the commission not make any finding that it had no jurisdiction, but, conceding all the basic facts upon which claimant applied for compensation, it actually
 
 assumed
 
 jurisdiction and awarded compensation for
 
 *505
 
 partial instead of total disability. Since tbe case was not appealable, tbe Common Pleas Court should have sustained tbe motion of tbe commission to dismiss tbe appeal. In refusing to do so, it erred. Tbe judgment of tbe Court of Appeals of Marion county, reversing that of tbe trial court, will be affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Stephenson, Matthias, Day and Zimmerman, JJ., concur.