The contention that the commission erroneously fixed claimant's average weekly wage prior to the injury in the sum of $31.88 may be ignored since such amount was determined by the commission upon evidence adduced in the proceedings. The chief complaint, however, is that the commission failed to make him any disability award until he complied with its order that the claimant should endeavor to secure employment. The record clearly shows that the commission assumed jurisdiction of the claim and heard and determined the question whether he was entitled to disability compensation. Section 1465-90, General Code, reads as follows: "The commission shall have full power and authority to hear and determine all questions within its jurisdiction, and its decisions thereon, including the extent of disability and amount of compensation to be paid in each claim, shall be *Page 195 
final." This clause has been before this court on numerous occasions since the enactment of the above quoted section and we have held that, where the commission entertains jurisdiction, its further action is a process of fact finding wherein its judgment is final; and furthermore that "mandamus does not lie to compel the commission to grant a rehearing."State, ex rel. Butram, v. Industrial Commission, 124 Ohio St. 589, 180 N.E. 61. To the same effect are the following cases:State, ex rel. Depalo, v. Industrial Commission, 128 Ohio St. 410, 191 N.E. 691; Metal Specialty Co. v. Gregory et al.,Industrial Commission, 128 Ohio St. 452, 191 N.E. 701; Noggle
v. Industrial Commission, 129 Ohio St. 495, 196 N.E. 377. The last order made by the commission expressly stated that it had assumed and never denied jurisdiction to make further award and that it had never exercised its full jurisdiction to determine the full extent of claimant's disability; and it also stated that the application for so-called rehearing was dismissed "with the understanding that the Commission still retains jurisdiction and will make such further award or awards when and if evidence of a substantial nature warrants such further finding." This order was evidently made in compliance with Section 1465-86, General Code, and is similar to that made inState, ex rel. Grant, v. Industrial Commission, 110 Ohio St. 187, 143 N.E. 535, which held that mandamus did not lie and that the relator was relegated to further hearing before the commission under its continuing jurisdiction as provided for under the last named Code section. While the commission, in its order of October 6, 1933, does not specifically so state, it apparently entertained the opinion that the claimant had been malingering by failing to make any effort to secure employment, and that until he did so it could not fairly determine the claimant's wage impairment. However, the final order of January 30, 1934, was not conditioned upon the requirement *Page 196 
that the claimant should endeavor to secure employment. In any event, the commission having assumed jurisdiction, its determination of the fact whether the claimant should receive further disability compensation is a final determination which this court is powerless to review by proceedings in mandamus.
Writ denied.
WEYGANDT, C.J., STEPHENSON, JONES, MATTHIAS, DAY and ZIMMERMAN, JJ., concur.