Ón June 19, 1929, Norman Allen suffered an injury to his knee while employed at Cleveland by The Midland Steel Products Company, a self-insurer which had elected to pay compensation direct to its injured employees. The employer paid temporary total disability, and upon refusal to make further payments
 
 *219
 
 the injured employee filed with the Industrial Commission an application for adjustment of claim, requesting a determination of compensation payable for his disability. After a hearing upon that application the Industrial Commission ordered that a permanent partial award be granted equal to thirty-five per cent, loss of function of left leg, with deduction of temporary partial disability for payments already made. Subsequently the employee filed an application for modification of award, asking for compensation for wage impairment, which application for modification was dismissed. Later an application for modification was filed by the employee, and the commission found “from the proof of record claimant has been adequately compensated for any disability he may have suffered as a result of injury sustained.” Thereafter an application for rehearing was filed, a motion to dismiss was overruled, a rehearing, granted, and a referee ordered to take testimony. After a hearing on the rehearing transcript the Industrial Commission disallowed the application for modification of award, appeal was prosecuted to the Court of Common Pleas, where a jury was waived and the cause submitted to the trial court, which found that the employee was entitled to participate in the Workmen’s Compensation Fund.
 

 The Court of Appeals, one judge dissenting, affirmed the judgment of the Court of Common Pleas.
 

 On consideration whereof this court finds from the record that the Industrial Commission had assumed jurisdiction of the claim and determined the amount of the employee’s disability.
 

 It is therefore ordered and adjudged by this court that the judgment of the Court of Appeals be, and the same hereby is, reversed, and this court proceeding to render the judgment which the Court of • Appeals should have rendered, it is ordered and adjudged that judgment be rendered for plaintiff in error.
 
 State, ex
 
 
 *220
 

 rel. Depalo,
 
 v.
 
 Industrial Commission,
 
 128 Ohio St., 410, 191 N. E., 691; Metal
 
 Specialty Co.
 
 v.
 
 Gregory et al., Industrial Commission,
 
 128 Ohio St., 452, 191 N. E., 701;
 
 Noggle
 
 v.
 
 Industrial Commission,
 
 129 Ohio St., 495, 196 N. E., 377.
 

 Judgment reversed and judgment for plaintiff in error.
 

 Weygandt, C. J., Stephenson, Jones, Matthias, Day and Zimmerman, JJ., concur.
 

 Williams, J., concurs in reversal-and entering of final judgment.