Zimmerman, J.
The decision in this case turns on whether Section 1465-90, General Code, as amended in 1937, authorizing a rehearing upon discontinuance of compensation, applies, or whether such section in its previous form is controlling.
Counsel for the relator frankly concede that if Section 1465-90, General Code, as in force until July 3, 1937, is applicable, the relator has no standing in court, under the decisions in State, ex rel. Depalo, v. Industrial Commission, 128 Ohio St., 410, 191 N. E., 691, and Noggle v. Industrial Commission, 129 Ohio St., 495, 196 N. E., 377, holding that the right of a claimant to continue to draw compensation on account of an injury is a matter exclusively within the determination and jurisdiction of the Industrial Commission.
This court has held that the filing of an application for compensation with the Industrial Commission is a proceeding within the terms of Section 26, General Code, governed thereafter in all respects by the statutes in force when the claim was originally filed. Industrial Commission v. Vail, 110 Ohio St., 304, 143 N. E., 716; State, ex rel. Slaughter, v. Industrial Commission, 132 Ohio St., 537, 541, 9 N. E. (2d), 505, 507; 42 Ohio Jurisprudence, 682, Section 94.
*167 Section 26, General Code, states that no amendment of a statute shall affect a proceeding existing at the time of the amendment, unless otherwise expressly provided in the amending act.
A perusal of Section 1465-90, General Code, as most recently amended, fails to disclose any express language giving it a retroactive operation.
Consequently, the conclusion seems inescapable that the relator must abide by Section 1465-90, General Code, as it existed when he filed his claim for compensation, and, therefore, under the former decisions of this court, he cannot successfully demand a writ of mandamus to compel a rehearing by the Industrial Commission.
We find ourselves in disagreement with counsel for the relator that the cases of State, ex rel. Construction Co., v. Rabbitts, 46 Ohio St., 178, 19 N. E., 437, and State, ex rel. Slaughter, v. Industrial Commission, supra, uphold their contention that Section 1465-90, General Code, as presently in force, is invocable to support the relator’s action.
The demurrer to the petition is sustained and, since this ruling clearly determines the controversy, the writ is denied.

Demurrer to petition sustained and writ denied.

Weygandt, C. J., Day, Williams, Myers, Matthias and Hart, JJ., concur.