Relator's petition in mandamus filed in the Court of Appeals attacks the constitutionality of Section 1465-44a, General Code. That statute creates four boards of claims with power to investigate, hear and determine such claims as are referred to them by the Industrial. Commission of Ohio. Such boards of claims have no jurisdiction over claims for additional awards under Section 35, Article II of the Constitution *Page 215 
of Ohio, or applications for rehearing under Section 1465-90, General Code. The statute goes on to provide that "the Industrial Commission shall provide for each such boards [sic] of claims such rooms, equipment, supplies, furniture and employees as may be found necessary for the proper and efficient performance of their duties."
In his petition the relator alleges that he sustained a compensable injury in the course of his employment by The Reeves Manufacturing Company, a subscriber to the Workmen's Compensation Fund; that compensation was awarded and paid by the Industrial Commission until May 31, 1937, for temporary total disability; that thereafter he filed an application for further compensation; and that the Industrial Commission refused to hear the latter application but referred the same to the Canton Board of Claims for determination under provision of Section 1465-44a, General Code. The petition then alleges the unconstitutionality of the statute as being in violation of Section 35, Article II of the Constitution, and prays for a writ of mandamus requiring the Industrial Commission, instead of such board of claims, to hear and determine the relator's claim for further compensation. The Court of Appeals granted a peremptory writ on the ground of the unconstitutionality of the statute, whereupon the Industrial Commission appealed the cause to this court for review.
It is urged by relator that the language used in Section 35, Article II of the Constitution, permits the establishment of but one board to execute and administer the purpose of the Workmen's Compensation Fund and that such purpose was executed in the establishment of the Industrial Commission. Such contention challenges the broad purposes underlying the Workmen's Compensation Law.
A survey reveals that workmen's compensation laws have been enacted in practically all the states of the *Page 216 
Union although in only seven jurisdictions, including our own, is there a constitutional grant for such purpose. In jurisdictions having no constitutional grant such laws have nevertheless been upheld. Hawkins v. Bleakly, Aud.,243 U.S. 210, 61 L.Ed., 678, 37 S.Ct., 255; Mountain Timber Co. v. Stateof Washington, 243 U.S. 219, 61 L.Ed., 685, 37 S.Ct., 260;Middleton v. Texas Power Light Co., 249 U.S. 152,63 L.Ed., 527, 39 S.Ct., 227; Lower Vein Coal Co. v. Industrial Board ofIndiana, 255 U.S. 144, 65 L.Ed., 555, 41 S.Ct., 252. In our own state such a law was passed before the constitutional amendment of 1912, effective January 1, 1913, and upheld by this court in State, ex rel. Yaple, v. Creamer, Treas.,85 Ohio St. 349, 97 N.E. 602, 39 L.R.A. (N.S.), 694. Though the act there in question was optional, neverthelss the broad underlying principles are the same and are based upon the general police powers of the state. Those principles recognize the necessity for government to adapt its functions to the ever-growing needs of society.
The constitutional amendment of 1912 did not set forth specifically all the provisions requisite and necessary for the proper administration of the Workmen's Compensation Law. Section 35, of Article II of the Constitution, states: "Laws may be passed establishing a board which may be empowered," etc. It was recognized that statutes establishing such a system or a board would need to be amended from time to time in order to accomplish their true purpose. In Fassig v. State, ex rel.Turner, Atty. Genl., 95 Ohio St. 232, 247, 116 N.E. 104, Judge Johnson, referring to the law as it existed at that time, wrote as follows: "It must be remembered that this act was passed in the exercise of the police power, fortified by the grant of power contained in the amendment to the Constitution in question, which in itself is but an assertion of the police power." In the same opinion Judge Johnson quotes with approval the following by Mr. Justice Matthews, *Page 217 
in Hurtado v. California, 110 U.S. 516, 531, 28 L.Ed., 232,4 S.Ct., 111: "As it was the characteristic principle of the common law to draw its inspiration from every fountain of justice, we are not to assume that the sources of its supply have been exhausted. On the contrary, we should expect that the new and various experiences of our own situation and system will mold and shape it into new and not less useful forms." Further indicating that the court in its decision in the Fassigcase did not rely alone upon the constitutional grant of power we find the following on page 249: "We think the section in question is plainly justified by the amendment (Section 35 of Article II of the Constitution) and by the principles declared in many states and by the Supreme Court of the United States.Matter of Jensen v. Southern Pac. Co., 215 N.Y. 514
[109 N.E. 600, L.R.A. 1916 A, 403]; State, ex rel. Davis-SmithCo., v. Clausen, 65 Wn. 156 [117 P. 1101, 37 L.R.A. (N.S.), 466]; Borgnis v. Falk Co., 147 Wis. 327 [133 N.W. 209, 37 L.R.A. (N.S.), 489]; Sexton v. Newark Dist. Tel.Co., 84 N.J. Law, 85 [86 A. 451]; Cunningham v. NorthwesternImpr. Co., 44 Mont. 180, 217 [119 P. 554], and State, exrel., v. Creamer, 85 Ohio St. 349 [97 N.E. 602, 39 L.R.A. (N.S.), 694]."
Concededly the object of the statute is to obviate delay in the settlement of claims. In this respect it follows the general spirit of the Workmen's Compensation Law, which was to obviate vexatious delays in suits for damages for injuries. In that spirit it comes within the general objective of the constitutional grant. If, as in other jurisdictions, an industrial commission could have been established in this state under the general police power of the commonwealth, can it be said that by virtue of a grant for such purpose in the Constitution the sources of such power have been exhausted? To agree with such contention would be to admit that the Legislature of a state having no constitutional *Page 218 
grant would be more at liberty to adapt its workmen's compensation laws to the growing needs of its industrial communities than the Legislature of a state where a constitutional grant exists. Such an interpretation of the constitutional amendment would tend to militate against the execution of its own purpose.
It is contended by relator that the statute places the four boards of claims on a parity with the Industrial Commission, thereby creating five boards instead of only one as intended by the Constitution. But the statute does not place such boards on a parity in all respects with the Industrial Commission. Compared with the general powers and functions of the commission the duties of these boards of claims are limited. First and foremost they may only investigate, hear and determine such claims as are referred to them by the Industrial Commission. Second, the boards of claims created by the statute are not authorized to execute and administer any purposes and functions of the Industrial Commission except such as are expressly enumerated in Section 1465-44a, General Code. The statute expressly provides that such boards shall have no jurisdiction of claims for additional awards under Section 35, Article II of the Constitution, or applications for rehearing under Section 1465-90, General Code. Under the further provision of the statute such boards do not even have the power of selecting their own office equipment or employees. Accordingly, it may be said that the boards of claims established under Section 1465-44a, General Code, are not on a parity in all respects with the Industrial Commission. It appears that instead of being placed on a status of equality in all respects with the Industrial Commission, such boards of claims were established primarily to facilitate the investigating, hearing and deciding of such claims only as are referred to them by the Industrial Commission itself. The real purpose of their *Page 219 
creation appears to be as an aid and auxiliary to the Industrial Commission.
Unless a statute is clearly in conflict with the Constitution it will be deemed a valid exercise of legislative power. We fail to find such conflict in this case. Since, under the general police power of the state, the statute here in question could have been enacted without the aid of a constitutional grant, and since the general police power was not exhausted by such constitutional grant, we are unable to find Section 1465-44a, General Code, in conflict with the general purpose of the Workmen's Compensation Law as authorized by the Constitution.
The judgment of the Court of Appeals will be reversed.
Judgment reversed.
WEYGANDT, C.J., DAY and ZIMMERMAN, JJ., concur.
WILLIAMS, MATTHIAS and HART, JJ., dissent.