By the Court.
Relator in Ms reply and brief challenges the jurisdiction of the Dayton Board of Claims and relies upon State, ex rel. Longano, v. Industrial Commission, 135 Ohio St., 165, 20 N. E. (2d), 230, holding that Section 26, General Code, applies to pending workmen’s compensation proceedings which are governed by the statutes in force when a claim was originally filed.
• In referring the claim to the Dayton Board of Claims the Industrial Commission was acting under authority conferred by Section 1465-44a, General Code, which was declared valid and constitutional in State, ex rel. DeTorio, v. Industrial Commission, 135 Ohio St., 214, 20 N. E. (2d), 248. If present or former counsel for relator objected to the procedure, a right was afforded by paragraph 6 of present Section 1465-44u to make application to the commission for reconsideration.
Since the orders sufficiently state the grounds for discontinuing compensation, relator is not entitled, under Section 1465-90, General Code (117 Ohio Laws, 86), to a writ of mandamus to compel the commission to amend or clarify its orders.
If relator relies upon the workmen’s compensation law in force in 1931, a writ of mandamus to clarify the orders of the commission should be denied because the right to a writ for such purpose was not granted by former Section 1465-90, General Code (111 Ohio Laws, 227).
Furthermore, if relator bases Ms claim under that section as then in effect he brings himself within the third paragraph of the syllabus in State, ex rel. Depalo, v. Industrial Commission, 128 Ohio St., 410, 191 N. E., 691, wherein it is held that when the commission assumes jurisdiction of a claim and determines that *336 claimant has been fully compensated, its decision is final. See, also, Noggle v. Industrial Commission, 129 Ohio St., 495, 196 N. E., 377, and State, ex rel. Stahl, v. Industrial Commission, 135 Ohio St., 168, 20 N. E. (2d), 247.
Irrespective of whether relator bases his contentions upon present or former Section 1465-90, General Code, he is not entitled to a writ of mandamus.

Writ demed.

Weygandt, O. J., Turner, Williams, Hart, Zimmerman and Bettman, JJ., concur.
Matthias, J., not participating.