Hart, J.
 

 Both the Common Pleas Court and the Court of Appeals held that the order of the commission denying further compensation as shown by its order of December 5, 1934, was on a non-jurisdictional ground. Both courts held that the order did not entitle the plaintiff to a rehearing, and that the commission was not authorized to grant the same. The Common Pleas Court held that the commission could grant a rehearing only after denial of compensation on a jurisdictional ground; that an appeal to the court could be taken only after such denial following a legally granted rehearing; and that, since there had .been no valid order of rehearing, there could be no right of appeal from the denial of compensation after such rehearing, and, consequently, no jurisdiction in the Common Pleas Court on appeal.
 

 The Court of Appeals took the position that an appeal to the Common Pleas Court from an order of the Industrial Commission is made from the order entered upon rehearing and not from the order made in the original hearing before the commission, and that, since the order made in this ease upon rehearing was one
 
 *386
 
 denying the claim of the plaintiff upon a jurisdictional ground, it furnished a proper basis for an appeal to the Common Pleas Court.
 

 The question then presented to this court is whether the position of the Common Pleas Court or that of the Court of Appeals, as above stated, is to be approved.
 

 This court has heretofore held that the Common Pleas Court acquires no jurisdiction of the subject-matter on appeal from an order of the Industrial Commission unless there had been a rehearing allowed by the commission as required by Section 1465-90, General Code (111 Ohio Laws, 227).
 
 Industrial Commission
 
 v.
 
 Ramsey,
 
 119 Ohio St., 497, 164 N. E., 509. The question here presented then is whether the Common Pleas Court, in determining its jurisdiction, may go behind the order of the commission denying compensation on rehearing and examine the validity of the previous order of the commission granting such rehearing, which rehearing is a necessary jurisdictional prerequisite to an appeal to the court.
 

 Can the lack of authority on the part of the Industrial Commission to grant a rehearing be cured by an appeal from an order upon such rehearing on the theory that the last order vacates all previous orders valid or invalid? If so, it would, in effect, give the Common Pleas Court the authority to make a new order for the commission on a phase of the proceedings in which the commission alone and not the court has jurisdiction. The Common Pleas Court has no power or authority to make findings and orders on matters exclusively delegated by law to the commission, and, therefore, cannot do so indirectly on the theory that the appeal to the court cures the errors of the commission in ordering a rehearing.
 

 Specifically, the commission found in its original order of December 5, 1934, that the claimant had been
 
 *387
 
 fully compensated for his injury. Since the finding of the commission as to the extent of disability and the amount of the award is final (Section 1465-90, General Code;
 
 State, ex rel. Depalo,
 
 v.
 
 Industrial Commission,
 
 128 Ohio St., 410, 191 N. E., 691;
 
 Metal Specialty Co.
 
 v.
 
 Gregory et al., Industrial Commission,
 
 128 Ohio St., 452, 191 N. E., 701;
 
 Noggle
 
 v.
 
 Industrial Commission,
 
 129 Ohio St., 495, 196 N. E., 377), the commission had no authority to grant a rehearing so long as its original finding and order remained in force. The granting of the rehearing under such state of the record was erroneous and. could not be the basis of a subsequent order denying the claim of the claimant on jurisdictional grounds so as to provide the basis of an appeal to the Common Pleas Court.
 

 It must be apparent, from a study of Section 1465-90, General Code, that the granting of the rehearing as provided by the statute vacates the original order only when such order denies the claim on jurisdictional ground's, and not when the claim is denied on a ground upon which the commission has complete and final jurisdiction such as that the claimant has been fully compensated for all disability he had suffered as a result of the injury sustained.
 

 The Common Pleas Court was áuthorized to consider and review all previous orders of the commission.
 
 State, ex rel. Randolph,
 
 v.
 
 Industrial Commission,
 
 128 Ohio St., 27, 30, 190 N. E., 217. Finding that the claim under prosecution had been disposed of by the commission on a ground upon which its action was final, and that the order for rehearing and, consequently, order upon rehearing, was erroneous and void, the court was justified in sustaining the motion to dismiss the appeal.
 
 Midland Steel Products Co.
 
 v.
 
 Allen,
 
 130 Ohio St., 218, 198 N. E., 581.
 

 Under this view, the judgment of the Court of Ap
 
 *388
 
 peals is reversed and.- that of the Common Pleas Court affirmed.
 

 Judgment reversed.
 

 Weygandt, C. J., Turner and Matthias, JJ., concur.
 

 Williams and Zimmerman, JJ., dissent.
 

 Bettman, J., not participating.