Following the employee's injury he filed claims for compensation and medical expenses. They were allowed and paid.
Then on July 13, 1940, the employee filed an application for additional compensation. Thereafter on April 25, 1941, this application was dismissed on the ground that "proof of record fails to establish that claimant's disability was due or related to the injury for which the claim was filed; * * *." On May 6, 1941, a notice of this action was mailed to the employee advising him that if he wished a review of the order of dismissal he must file an application for reconsideration, review or modification by May 14, 1941. No such application ever was filed as to that order; and the relator insists that the Industrial Commission thereby lost its jurisdiction of the claim. However, on August 26, 1941, the employee filed a motion requesting further consideration of his claim. This motion was dismissed September 30, 1941, on the ground that the "proof on file shows that the claimant's present disability is not due to his injury of November 3, 1937." Notice of this order was mailed to the employee on October 6, 1941, and on the following day he filed an application for a rehearing. A hearing thereon was had, and on January 23, 1943, the Industrial Commission made the following order:
"After round table conference and careful consideration of all the proof of record, the commission finds that a rehearing should not have been granted in this case, inasmuch as the claimant failed to file an application *Page 211 
for rehearing within the time required following the decision of the Toledo board on April 25, 1941, however, such rehearing has been conducted and the testimony and other proof now in the file clearly reveals that claimant's Parkinsonionism is the result of his original injury, and had such proof been on file at the time the claim was heard by the commission on September 30, 1941, the commission would have allowed the claimant's motion and granted him further compensation for such disability. It is now, therefore, the order of the commission that claimant's application for rehearing filed October 7, 1941, and all proceedings taken thereafter be dismissed and that such application now be considered as an application for reconsideration; that the same be allowed and the findings of April 24, 1941, by the Toledo board and of September 30, 1941, by the commission be and the same are hereby vacated; that claimant be granted temporary total compensation from the date he quit work, June 13, 1940, to November 3, 1943, the end of the six-year period following injury; that he be re-examined prior to the expiration of the award on the question of further compensation due to disability from the Parkinsonionism."
The total amount of the additional award was $2,-562.66. Of this sum $2,020.32 had been paid to the employee at the time the employer instituted this action for a writ of prohibition.
Did the Industrial Commission lose jurisdiction in this matter on May 14, 1941, and was the subsequent action of the commission a mere nullity?
Reduced to its lowest terms the decisive question in this case is the effect of Section 1465-86, General Code, which reads in part as follows:
"The powers and jurisdiction of the board over each case shall be continuing, and it may from time to time *Page 212 
make such modification or change with respect to former findings or orders with respect thereto, as, in its opinion may be justified. Provided, however, that no such modification or change or any finding or award in respect of any claim whether filed heretofore or hereafter shall be made with respect to disability, compensation, dependency or benefits, after ten years from the last payment theretofore made of compensation or benefits awarded on account of injury or death * * *."
The relator contends that inasmuch as the employee filed no application for a rehearing within 30 days as provided by Section 1465-90, General Code, the Industrial Commission thereby lost its jurisdiction in the matter and hence could make no valid subsequent order with reference thereto.
Although the two sections are in pari materia, this court is of the opinion that the former should not be given this narrow construction. In the second paragraph of the syllabus in the case of Snyder v. State Liability Board of Awards, 94 Ohio St. 342, 114 N.E. 268, it was held:
"Where an award has been made to a claimant upon his application to the Industrial Commission its jurisdiction under the provisions of Section 1465-86, General Code (103 O. L., 88), is continuing and it may make such modification or change with respect to the award as in its opinion may be justified, and the provisions of Section 1465-90, General Code, providing for an appeal to the Court of Common Pleas, are not applicable."
In his opinion Judge Newman observed that "the term 'final action' as used in 1465-90, supra, has relation to the question whether or not the claimant has the right to participate at all in the insurance fund."
A similar view was expressed in the case ofIndustrial *Page 213 Commission v. Dell, Exrx., 104 Ohio St. 389, 135 N.E. 669, 34 A. L. R., 422, in which the commission exercised its continuing jurisdiction to revoke an award after additional evidence disclosed the true situation.
In the case of State, ex rel. Hollo, v. IndustrialCommission, 121 Ohio St. 312, 168 N.E. 541, this court made the following pronouncement in the syllabus:
"While an award made under the Industrial Commission Act for an injury to an employee and an additional award made for violation of a specific requirement causing such injury, are separate and distinct awards, yet, growing out of the same probative facts and affecting the same parties, they are to be regarded as so interdependent that the commission, under the discretion given it by Section 1465-86, General Code, may make such modifications or changes with reference to either of said awards as in its opinion are justified."
In the second paragraph of the syllabus in the case ofMetal Specialty Co. v. Gregory et al., Indus. Comm., 128 Ohio St. 452, 191 N.E. 701, this court held:
"The continuing jurisdiction of the Industrial Commission under Sections 1465-86 and 1465-90, General Code, is not divested by the denial or the dismissal of an application denominated 'application for rehearing.' "
In his opinion Judge Bevis observed:
"The so-called 'applications for rehearing' were, in effect, nothing more than requests that the commission, in the exercise of its continuing jurisdiction, reconsider its prior finding and allow additional compensation for the injury sustained in the course of Bereiza's employment.
"It follows that the commission still has jurisdiction *Page 214 
of the claim and may legally entertain and determine the pending application.
"The writ of prohibition prayed for must, therefore, be denied."
In his opinion in the case of Industrial Commission v. Davis,126 Ohio St. 593, 186 N.E. 505, 88 A. L. R., 1175, Judge Matthias made the following comment:
"The Industrial Commission is an administrative board, and its powers and jurisdiction in each case are continuing (Section 1465-86, General Code; State, ex rel. Crawford, Exr., v. Industrial Commission, 110 Ohio St. 271, 143 N.E. 574), and its findings and order are subject to reconsideration and modification."
In the case of State, ex rel. Moore, v. IndustrialCommission, 129 Ohio St. 195, 194 N.E. 370, this court said:
"In ordering that further payment of an additional award be discontinued, the Industrial Commission was proceeding under Section 35, Article II, vesting it with full power and authority to determine whether the injury resulted from the failure to comply with a specific requirement, and under the provisions of Section 1465-86, General Code, which confers continuing jurisdiction upon the Industrial Commission to make modification or change with respect to former findings or orders."
Additional cases are cited and discussed in 42 Ohio Jurisprudence, 775.
In its journal entry in the instant case the Industrial Commission expressly stated that "had such proof been on file at the time the claim was heard by the commission on September 30, 1941, the commission would have allowed the claimant's motion and granted him further compensation for such disability." The commission found that a mistake had been made, and an injustice had resulted. In a commendable effort *Page 215 
to correct this the commission exercised the continuing jurisdiction expressly conferred upon it by this salutary statute.
The requested writ of prohibition must be denied.
Writ denied.
ZIMMERMAN, BELL, WILLIAMS, TURNER, MATTHIAS HART, JJ., concur.