Weygandt, C. J.
An almost unbelievable number of steps have been taken in this involved controversy, but fortunately not all are important in this phase of the matter.
*64 Within a few weeks after the injury, the claimant filed her application for compensation. This she was allowed and paid for. temporary total disability for a period of approximately four months beginning March 18, 1948.
The claimant then returned to work but quit on October 18, 1948.
Thereafter on March 4,1949, she filed an application for adjustment, claiming total disability since October 18, 1948.
This application was denied.
Subsequently the claimant filed an application for a reconsideration; and this was denied.
Then the claimant filed an application for a rehearing; and this was dismissed. But in the same order the respondent commission referred the claimant to a psychiatrist for an examination and opinion as to the nature and extent of the claimant’s disability and its probable relation to the injury.
Subsequently the respondent found that the claimant had suffered disability equal to thirty-five per cent and was entitled to an award of $25 per week for a period of 87½ weeks beginning April 10, 1949.
Thereafter the relator filed a motion to vacate the latter order. This motion was granted on the ground that this action was premature, inasmuch as it had been taken without a hearing thereon. It was ordered that the claim be set for a hearing with notice to the parties.
However, a hearing has not been had for the reason that at this juncture the relator filed the instant action for a writ prohibiting the respondent from a further consideration of the matter.
The relator contends that the respondent has lost jurisdiction for further consideration or action in this controversy.
*65 Reliance is placed on the decision of this court in the case of State v. Ohio Stove Co., 154 Ohio St., 27, 93 N. E. (2d), 291, in which paragraph three of the syllabus reads as follows:
“3. Under Section 1465-86, General Code, the continuing jurisdiction of the Industrial Commission applies only to new and changed conditions subsequent to an original award, and does not extend to a review of such original award or its order denying such award, after it has become final, by a reconsideration only of the evidence on which the original order was made and without any evidence of new or changed conditions arising subsequent to such order. (State, ex rel. Griffey, v. Industrial Commission, 125 Ohio St., 27, approved and followed.)”
The respondent commission relies on the provisions of Section 1465-86, General Code, and on the decision of this court in the case of State, ex rel. New Idea, Inc., v. Blake et al., Industrial Commission, 145 Ohio St., 209, 61 N. E. (2d), 195, in which it was said in paragraph one of the syllabus:
“1. Under the provisions of Section 1465-86, General Code, the powers and jurisdiction of the Industrial Commission over each case are continuing, and the commission may from time to time make such modification or change with respect to former findings or orders as in its opinion may be justified. ’ ’
The statute itself reads in part as follows:
" The powers and jurisdiction of the board over each case shall be continuing, and it may from time to time make such modification or change with respect to former findings or orders with respect thereto, as, in its opinion may be justified. Provided, however, that no such modification or change or any finding or award in respect of any claim whether filed heretofore or hereafter shall be made with respect to disability, com *66 pensation, dependency or benefits, after ten years from the last payment theretofore made of compensation or benefits awarded on account of injury or death * *
In the Stove Co. case, supra, it was emphasized that there was an absence of evidence showing some new development or changed condition. The commission simply changed its mind as to the import of the evidence already before it. In the New Idea, Inc., case, supra, it was observed with equal emphasis that new proof was produced nearly two years later showing that the disease from which the claimant was then suffering was the result of his original injury.
Likewise, in the instant case nexo medical proof was supplied as to further disability resulting from the claimant’s injury.
Under these circumstances the respondent commission did not exhaust its jurisdiction.
Irrespective of the propriety or impropriety of the remedy here employed by the relator, it is not entitled to a writ of prohibition to prevent the respondent from a further consideration of the claim before it.

Writ denied.

Zimmerman, Stewart, Middleton, Taft, Matthias and Hart, JJ., concur.