Zimmerman, J.
It appears from the admitted allegations of the petition that on November 2, 1948, and for sometime prior thereto, Gaul was an employee of relator. He claims to have sustained skull and brain injuries on such date in the course of his employment when struck on the head by a piece of pipe.
Pursuant to his application to the Industrial Commission for the payment of compensation and medical expenses on account of such injuries, he was awarded and paid compensation for temporary total disability from December 10, 1948, to May 31, 1949.
On October 5, 1949, Gaul was examined by a physician of the medical section of the Industrial Commis *374 sion who found partial disability and recommended the payment of compensation for temporary total disability, and another examination in six months.
The claim respecting additional compensation was heard on November 1, 1949, and an award for temporary partial disability was granted for the period from June 1, 1949, to April 2, 1950.
On July 27, 1950, Gaul filed an application for the determination of the percentage of his permanent partial disability. He was again examined by a physician of the medical section of the Industrial Commission and later by a specialist in Cleveland. From the reports of these physicians, the Industrial Commission through its regional board at Cleveland found that Gaul had a permanent partial disability of 25 per' cent and ordered “that he be compensated on such basis, which amounts to an award of 62% weeks at $25 per week.”
In the exercise of the right of election given by Section 1465-80, General Code, Gaul filed a motion asking that the former order of November 1, 1949, awarding compensation on the basis of temporary partial disability be vacated; that a determination and order be made that he, Gaul, was totally disabled during the period for which he received compensation for temporary partial disability, viz., June 1, 1949, to April 2,1950; and that he be awarded compensation for total disability over such period.
This motion was heard by the Industrial Commission on November 23, 1951, and granted. The order thereon recites “that the claimant is hereby granted additional temporary total disability for the period from 6/1/49 to 4/2/50, both dates inclusive.”
It is this latter order which relator challenges as void and because of which it asks the issuance of a writ against the respondents. Relator contends that the situation comes within subparagraph (b) of Sec *375 tion 1465-80, General Code, and that under such section the Industrial Commission is wholly without right or authority to order any change in an award for permanent partial disability once the same has been made and accepted. Relator asserts that this section clearly provides that any application for reconsideration, review or modification of an award must be filed within eight days after the date on which the notice of such award is mailed to the employee and the employer, and that under no circumstances can compensation for temporary total disability be ordered over the period for which an award for permanent partial disability was granted and paid.
In the oral presentation of this case, counsel for relator advanced the claim that subparagraph (d) of Section 1465-80, General Code, operates to convert an award for temporary partial disability into one for permanent partial disability and hence it was beyond the powers of the Industrial Commission to take the action it did on Gaul’s motion. Our interpretation of subparagraph (d) is different from the interpretation given it by counsel for relator. That subparagraph provides that compensation for partial disability under subparagraphs (a), (b) and (c) of the same section shall be in addition to the compensation paid for temporary total disability, but that the amount paid under (a) for temporary partial disability shall not be in addition to the amount paid for permanent partial disability under (b) or (c), and the amount paid under (a) shall be deducted from the amount of compensation payable under (b) or (c). It will thus be seen that subparagraph (d) has reference to a deduction from amounts payable under other subparagraphs and does not have the effect of converting payments for temporary partial disability into payments for permanent partial disability.
Respondents insist that, under the broad provisions *376 of Section 1465-86, General Code, according the Industrial Commission the power to make modifications in its findings or orders as in its opinion may be justified and fortified by the case of State, ex rel. New Idea, Inc., v. Industrial Commission, 145 Ohio St., 209, 61 N. E. (2d), 195, where the Industrial Commission commits an error or mistake in maldng a compensation award, it may rectify such error, if timely done. It is further pointed out that the limitations contained in subparagraph (b) of Section 1465-80, General Code, are confined to an application for the modification of an award for permanent partial disability and have no relation to an application for the modification of an award for temporary partial disability, and that there is no statutory bar to the granting of an application for the modification of an award for temporary partial disability in the event error or mistake has intervened.
With such contention we agree. It is to be borne in mind that an award for temporary partial disability and one for permanent partial disability are different in character. The former contemplates an impairment in earning capacity, whereas the latter refers to the percentage of physical disability. This difference is recognized in Section 1465-80, General Code, which provides for an election by the claimant. If it is determined that he has sustained disability of 25 per cent or more, he may elect between compensation based on impairment of earning capacity and that based on a percentage of physical disability.
The General Assembly has seen fit to invest the Industrial Commission with broad powers in respect to compensation awards to injured workmen. If after the commission has made an award for temporary partial disability, facts are developed, as here, which indicate that a mistake was made and that the award should have been granted on the basis of temporary *377 total disability, we find no statutory provision which would prevent the Industrial Commission, in fairness to the claimant, from rectifying the mistake, as was done in the instant case. Questions of fact in a matter of this kind are for determination by the commission.
Accordingly, the demurrer to the answer is overruled, and, since this concededly disposes of the case, the writ is denied.

Writ denied.

Weygandt, C. J., Middleton, Matthias, Hart and Stewart, JJ., concur.