## MANES v INDUSTRIAL COMMISSION

Ohio Appeals, 1st Dist, Hamilton Co

Decided July 5, 1938

R. R. Zurmehly, Columbus, and Roy Pastor, Cincinnati, for appellee.

Herbert S. Duffy, Columbus, and John Rosetti, Canton, for appellant.

464

## OPINION

By ROSS, PJ.

The claimant was injured October 9, 1918. He made application to the Industrial Commission for compensation for disability, and was awarded, first, temporary permanent compensation, and, later, temporary partial compensation. The last payment was on June 3, 1934. From time to time thereafter he filed with the commission applications for an award of compensation for disability, based upon the original injury, and, on July 10, 1934, the commission definitely and conclusively refused such award in the following terms:

"The Industrial Commission after being fully advised in the premises finds that they recognized the injury claimed in this case, and after inquiry into the full extent of disability due to the injury, they awarded compensation therefor. Medical proof on file during the past two years indicates the claimant is suffering no compensable disability."

The manifest effect of this language is to deny jurisdiction. It is admitted by all concerned and the record shows that plaintiff was then and is now under disability. The only reasonable conclusion is, that the commission must have found that such disability did not result from a compensable injury, which was a denial of jurisdiction.

It is true that at all times the claimant is entitled to the benefit of any doubt or ambiguity in the language used by the commission. **Humphries v Wheeling Steel Corp,. 132 Oh St 263, 8 O.O. 38.** But there can be no doubt about the effect of this expression of the conclusion of the commission.

Under the law applicable to this claim, the claimant was bound to appeal de novo to the Common Pleas Court within thirty days from the disallowance of the claim by the commission. Certain rules of the commission are mentioned by counsel permitting rehearings, but these seem to us to have no application. Nor are the cases cited, **Industrial Commission v Smith, 110 Oh St 665; State ex Randolph v Industrial Commission, 128 Oh St 27,** of any particular assistance.

Nothing was done in the matter until April 6, 1937, when a new application was made for compensation. An examination of this shows that it was for the same disability, previously ruled upon July 10, 1934, and the commission in its order of July 1, 1937 so found. This order read in part:

"Mr. Beard rec. that the com's order of July 10, 1934 be reaffirmed, that the Cl's application for add comp. be dismissed."

In the application the claimant states: "That I am still disabled due to the original injury as reported in this claim." This then was merely a new attempt to induce the commission to reopen the case in which more than two years previously it had definitely denied jurisdiction.

It is our conclusion that it was incumbent upon the claimant to appeal within thirty days to the Common Pleas Court from the order of July 10, 1934, and having failed to do so, that the Common Pleas Court had no jurisdiction of the subject matter of the action. **Industrial Commission v Glenn, 101 Oh St 454; State ex Randolph v Industrial Commission, 128 Oh St 27.**

The motion of the defendant for judgment should have been granted. Judgment accordingly may be here entered.

HAMILTON, J, concurs.
MATTHEWS, J, concurs in separate memorandum.

### CONCURRING OPINION

By MATTHEWS, J.

I concur in the conclusion but not the reasoning by which it has been reached.

The record shows that the Industrial Commission took jurisdiction of this claim and, after finding all the jurisdictional questions in the claimant's favor, awarded him a substantial sum. It discontinued payments to him after a hearing and finding by it that he was "suffering no compensable disability." That was an exercise of jurisdiction—not a refusal to do so. After this order was made other applications were made for compensation for subsequent disability, and these applications were denied by the commission, but the record does not show that compensation was denied on any jurisdictional ground. It does not show that claimant proved facts entitling him to compensation, or that the commission refused to allow him to prove it.

The case seems to be governed by **Noggle v Industrial Commission, 129 Oh St 495, 2 O.O. 509,** in which it was held in the second paragraph of the syllabus:

"When the commission concedes or finds all the facts in claimant's favor necessary to give it jurisdiction, and actually assumes jurisdiction of the claim, §1465-90 GC, endows the commission with 'full power and authority to hear and determine all questions within its jurisdiction and its decision thereon shall be final.' A finding or determination of the extent of disability is the determination of a question within the commission's jurisdiction, and from such determination there is no appeal."

My conclusion is, that under the provisions of §1465-86, **GC,** the Industrial Commission has continuing jurisdiction of this claim, with power to hear application for modification at any time within ten years from the last payment, and that by §1465-90, **GC,** such jurisdiction is final.

For this reason, the Common Pleas Court had no jurisdiction, and erred in overruling the motion to dismiss based on that ground.