BAUGH, APPELLEE, *v.* INDUSTRIAL COMMISSION, APPELLANT.

(Decided November 20, 1939.)

*Messrs. Reams, Bretherton & Neipp,* for appellee.
*Mr. Thomas J. Herbert,* attorney general, *Mr. E. P. Felker* and *Mr. Percy R. Taylor,* for appellant.

CARPENTER, J.   This case originated as an appeal to the lower court from an order of the Industrial Commission denying an application for modification of an order discontinuing a disability award to plaintiff for a back injury received in the course of his employment.   The verdict and judgment were for the plaintiff and the commission appeals to this court on questions of law.

The injury was sustained by the claimant while he was lifting and moving a heavy object July 11, 1932. Compensation was awarded to August 14, 1932, when plaintiff returned to work, and it was then discontinued.

The claimant contends that he worked for his former employer at lighter work until 1934 when continued pain in the back caused him to quit, and, later, take

lighter work with other employers; and that the pain in his back has continued ever since his injury and has impaired his wages.

January 14, 1935, plaintiff filed with the commission an application for modification of the former award, which was dismissed "for the reason that claimant's present disability is less than a low degree and not due to his injury." Application for a rehearing was granted and rehearing had, and the commission found:

"It has no jurisdiction of the claim and no authority thereby to inquire into the extent of disability or amount of compensation claimed.

"It is, therefore, ordered that the claim be disallowed."

Thereupon the petition herein was filed, in substance alleging the foregoing facts. The answer admits that the plaintiff sustained a sprained back; that he asked and was allowed compensation to August 14, 1932, for that disability; "and that further proceedings were had as set forth in his petition." All other allegations are denied.

Since the hearing of this cause in this court, the defendant, appellant herein, has filed a motion for leave to amend its answer by alleging the terms of its order dismissing the application for modification. Without deciding whether such an amendment can be made in a reviewing court in a case there pending on appeal on questions of law, the conclusion reached on the issues makes the proposed amendment immaterial and the defendant's motion is denied.

The first assignment of error is that the court does not have "jurisdiction of the subject-matter of the action" because the commission took jurisdiction of the original claim, and, under Section 1465-90 (111 Ohio Laws, 227), General Code, as it was before the amendment of 1937, the action of the commission refusing to modify that order was final and could not be the subject of an appeal. It is urged that the order dis-

missing the claim for the reason that "claimant's present disability is less than a low degree" indicated that the commission took or already had jurisdiction. The last part of the order negatives this claim when it refers to claimant's disability as "not due to his injury." These two findings are inconsistent. When the commission decided that the claimed disability was "not due to his injury," it had no authority to give any further consideration to the matter, and its statement as to the degree of disability was surplusage and of no effect. The terms of that order became unimportant when the application for rehearing was filed because Section 1465-90, General Code, provides that when such application is filed "the former action of the commission thereon shall be vacated." That the commission took the view that it did not have jurisdiction is strongly evidenced by two of its acts:

(1) The order granting the rehearing and then disallowing the claim after a full hearing of the evidence, which order states unequivocally that the commission did not have jurisdiction. That was the order from which this appeal was taken.

(2) Its answer in effect admits the order appealed from was a jurisdictional one.

It was not until the matter came to this court that this question was raised. This assignment of error is not sustained.

The next assigned error urged is that plaintiff shifted the basis of his claim.

His original application described his injury as a "sprained" back while lifting an ice cream cabinet; his application for modification stated "vertebrae of back torn apart"; in his evidence on rehearing he testified he fell while lifting and carrying the cabinet, which fell on him; the petition alleges the fall and that he "sustained a sacro-iliac sprain, contusions of his back and arthritis of the spine"; and at the close of the evidence, over the objection of the commission, he

amended the petition to conform to the evidence by adding to the above "and the said injury superimposed upon a previous condition of arthritis aggravated and accelerated said condition of arthritis."

In this case, as in most cases, papers were filed before the commission by laymen and were brief and informal. More particularity is expected and practiced in the pleadings on appeal. That Mr. Baugh received some injury in the lower part of his back was admitted. The only question was whether his then alleged disability came from that injury. These several claims are consistent with each other; each was only a more particular statement of the injury and its results. The time of his injury, July 11, 1932, and the part of his body claimed to have been injured, the lower lumbar and sacro-iliac region, were not changed in any of his statements. In permitting the amendment of the petition, the court did not abuse its discretion.

The commission offered no evidence in defense. That plaintiff had an arthritic condition in his back was not disputed. The court in its charge to the jury put the only issue before it in a simple and concise question: "Is his present condition [referring to the arthritis] the direct and proximate result of the injury he received?"

After the charge, counsel for the commission requested the further charge "that a further issue is presented as to the nature of the alleged injury sustained by the plaintiff and the manner in which he received it, as to whether he merely suffered a sprain in the back or whether or not, as he now claims, a cabinet fell upon him and injured him." Refusal of the court to so charge is now urged as error.

This was not an issue in the case, and as a question it was an immaterial one, the decision of which would not have determined the real issue as already stated by the court. All of the evidence was that plaintiff fell

and the cabinet fell on him, injuring his back, but even had it been a sprain from lifting and resulted in the aggravation and disability as he claimed, he was entitled to have the commission consider the extent of his disability.

Pertinent to all three of the preceding claimed errors is Section 1465-91, General Code, which expressly provides that the commission shall not be bound ''by any technical or formal rules of procedure.''

Another group of errors is to the effect that the court erred in not granting the commission's motions to direct a verdict and for judgment, and another group that the verdict was manifestly against the weight of the evidence. From an examination of the whole record, this court finds a jury issue was presented, and that it cannot disturb the verdict.

Finding no prejudicial errors, the judgment is affirmed.

*Judgment affirmed.*

OVERMYER and LLOYD, JJ., concur.