By the Court.
 

 Was tbe order of December 6, 1938, appealable?
 

 This case is governed by Section 1465-90, General Code, as in force prior to its amendment in 1937.
 
 State, ex rel. Longano,
 
 v.
 
 Industrial Commission,
 
 135 Ohio St., 165, 20. N. E. (2d), 230.
 

 Section 35, Article II, of the Ohio Constitution, provides that laws may be passed establishing a board to collect, administer and distribute tbe state insurance fund, and to determine all rights of claimants thereto. These laws may, therefore, accord finality to tbe deci
 
 *548
 
 sions of the Industrial Commission on questions of fact relating to the rights of claimants to participate in such fund.
 
 State, ex rel. Slaughter,
 
 v.
 
 Industrial Commission,
 
 132 Ohio St., 537, 9 N. E. (2d), 505.
 

 In conformity with the constitutional authorization, Section 1465-90, General Code (111 Ohio Laws, 227), gave the Industrial Commission full power and authority to hear and determine all questions within its jurisdiction, including the extent of disability and amount of compensation to be paid in each claim, with finality of decision in these matters. The section further stipulated that when the commission found it had no jurisdiction of a claim and thereby no authority to inquire into the extent of disability or the amount of compensation, and denied the right of the claimant to receive compensation or to continue to receive compensation for such reason, then the claimant might file an application for rehearing of his claim before the commission. An appeal to the Court of Common Pleas was given the claimant if after the rehearing the commission adhered to the finding that it had no jurisdiction of the claim and no authority to inquire into the extent of disability or amount of compensation.
 

 What happened in the instant case as disclosed by the petition? Plaintiff’s original claim was allowed and he was paid compensation for more than three years; he was granted a rehearing on the order denying his application for modification of award, and his claim allowed upon .such rehearing. He was then referred to the medical department for the sole purpose of determining the extent of disability. Dr. Stern, presumably a specialist, found and reported that the limitation of movement in plaintiff’s knee and hip joints of which he complained was due entirely to voluntary restrictions. In other words, that he had no genuine disability. Upon such report the commission declined to order the payment of additional compensation.
 

 
 *549
 
 Under Section 1465-86, General Code, the commission has continuing jurisdiction of this matter and is empowered from time to time to modify or change its former findings. Counsel for the defendant assert without contradiction that plaintiff has duly filed with the commission an application for rehearing on its order of December 6, 1938. It may be that plaintiff will yet be successful before the commission, or failing in that secure an order from which an appeal will lie.
 

 Since the defendant based its finding and order of December 6, 1938, on the report of Dr. Stern, it would be manifestly unfair to take it before the Court of Common Pleas on a record from which the doctor’s findings would be absent.
 

 Being of opinion that the demurrer to the petition was properly sustained, the judgment of the Court of Appeals is reversed and that of the Court of Common Pleas affirmed.
 

 Judgment reversed.
 

 Weygandt, C. J., Zimmerman, Williams, Matthias and Hart, JJ., concur.