## McMANUS v INDUST. COMM.

Ohio Appeals, 1st Dist, Hamilton Co.

No. 5782. Decided June 10, 1940.

Davies, Hoover & Beall, Cincinnati, for appellee.

Thomas J. Herbert, Cleveland; E. P. Felker, Akron, and Edward A. Schott, Cincinnati, for appellant.

## OPINION

By ROSS, J.

Appeal on questions of law from a judgment of the Court of Common Pleas of Hamilton County, awarding the plaintiff the right to participate in the Workmen's Compensation Fund.

The plaintiff, while employed by the Nash Tailoring Company in the City of Cincinnati, Ohio, on the 21st day of June, 1934, suffered an injury to her right ankle. She was paid compensation for disability up to November, 1935. Expenses incident to medical care were paid until September, 1936.

On August 18, 1936, the Commission made an order refusing further compensation for disability subsequent to November, 1935.

The plaintiff claims that she is suffering from a condition known as "traumatic neurosis", an affliction of the nerves, and that this condition is the direct, proximate result of the injuries she received on the 21st day of June, 1934, and that she is, therefore, entitled to continue to receive compensation.

The amended petition recites that the Commission allowed her original claim and paid her compensation for the time of her injury until November, 1935, and paid for medical expenses until September, 1936, that on August 18th, 1936 "the defendant Commission entered an order refusing plaintiff further compensation for disability subsequent to November, 1935", upon the ground, "that plaintiff's disability subsequent to November, 1935, consisting principally of a neurosis, was not caused by the injury to her foot."

"Within thirty days after receipt of notice of said decision, plaintiff applied to the defendant Commission for a rehearing which application was granted and the testimony thereon reduced to writing. Upon consideration of the claim upon such rehearing record, the defendant Commission again denied plaintiff the right to participate on the ground that her disability was not the result of the injury which she had sustained in the course of her employment."

The answer of the Commission admitted the procedural facts alleged in the amended petition.

The claim of the plaintiff is, therefore, a claim for continued compensation.

By an amended answer presented, according to the bill of exceptions when the case was pending on motion for a new trial, the Commission, although again admitting in a first defense that the procedural facts were as alleged in the amended petition, alleged that the final order of the Commission was "claim disallowed on rehearing" and was based upon the report of the referee finding that the evidence presented to him "indicates she has recovered and fully compensated for the injuries alleged to have been sustained." As a second defense, the Commission alleges that the court has no jurisdiction of the subject-matter of the action.

Although the language of the Supreme Court in Miles v Auto-Lite Co., 133 Oh St 613, 616:

"If there be questions relating to procedure or jurisdiction, which the defendant wishes to raise, timely objection. by motion or other objection, should be made before the introduction of evidence."

would seem to limit the right to raise the jurisdictional question to a seasonable intervention of this objection, the facts in the case show that it dealt with the matter of employment of the required number of workmen to bring a self-insurer within the act and was a matter which should have been covered by evidence on the re-hearing.

It would seem that the general rule applies and that the question of juris-

diction of a court over the subject-matter of the action may be raised at any time. This conclusion is made obvious by the rule that parties may not confer jurisdiction upon a court by consent. **Industrial Commission v Weigand et, 128 Oh St, 463, 466.**

It, therefore, became the duty of the trial court to consider this question as it now becomes our duty to consider it.

The last order of the Commission stated: Claim disallowed on re-hearing. It has no jurisdiction of the claim and no authority thereby to inquire into the extent of disability or amount of compensation claimed."

The amended answer apparently seeks to in some way modify the plain effect of the words used in the order. Even if the court had permitted the answer to be filed, what proof was there in the transcript that the Commission had followed the recommendation of the referee?

If the Commission determined that the plaintiff's present condition was not the result of the injury stated, then certainly it would be bound to conclude and find as it did, that it had no jurisdiction of the claim.

We conclude that the trial court committed no error in refusing the Commission the right to file the amended answer, there being nothing in the record to impugn the order of the Industrial Commission on rehearing.

On the question, however, of the jurisdiction of the Court over the subject-matter of the action, we have been somewhat concerned over language used by the Supreme Court in **Sergi v Industrial Commission, 136 Oh St 546, 547,** and **State ex Longano v Industrial Commission, 135 Oh St 165.**

It is true that the amendment of 1937, which does not affect this proceeding, used language which would seem to indicate that a new right of appeal was afforded in cases in which the Commission refused to continue compensation.

"If the commission, after such hearing . . . denies the right of the claimant to continue to receive compensation it shall state the ground or grounds on which the claim was denied and if the claim was denied on any of the grounds hereinabove specifically stated then the claimant, within sixty days, after receipt of notice of such action of the commission, may file a petition in the common pleas court of the county wherein the injury was inflicted, or in the common pleas court of the county wherein the contract of employment was made in cases where the injury occurs outside the state of Ohio."

An examination of the cases considering such applications for continued compensation under the former act, however, convinces us that no such differentiation was considered.

In **Humphries v Steel Corp., 132 Oh St 263, at 267,** the court say:

"Appellee next contends that if the allegation be treated as a finding of the commission, such finding nevertheless determines only the question of the extent of disability rather than that of jurisdiction. The argument advanced is that the commission's jurisdiction is continuing, possessing power to modify or change its former findings and orders; that the finding denying further compensation was one within the commission's continuing jurisdiction, from which there is no appeal.

"Does the finding constitute a determination of the extent of disability or one of want of jurisdiction over the claim? If the former, then there is no appeal. If the latter, appeal lies.

"This question is not novel. It has been before this court a number of times and in each instance it was held that where a denial of compensation for an ultimate disability was made on the ground that it did not result from the original injury sustained, for which compensation was theretofore awarded, it constituted a denial on jurisdictional grounds.

" 'We have frequently held that a denial by the commission of a right to continue to participate in the State Insurance Fund upon the ground that claimant's present physical condition is not attributable to an industrial accident occurring in the course of his employment is a denial upon jurisdictional grounds going to the basis of claimant's right, and is the basis of appeal to the Common Pleas Court under the statute.' **State ex Randolph v Industrial Commission, 128 Oh St 27, 30, 190 N. E. 217.**"

To the same effect is **State ex Cezkovsky v Industrial Commission, 126 Oh St 434.** The second paragraph of the syllabus is:

"If it be found by the commission that the disability originally manifested, or the disability subsequently developed, was not the result of the injury sustained, and compensation is disallowed or its continuance is denied for such reason, a rehearing must be allowed."

In the case of **State ex Depalo v Industrial Commission, 128 Oh St 410,** at **pages 415, 417, and 418,** the Court say:

"There is evidently much confusion as to what constitutes an appealable finding or decision. Relator's brief says, 'This court should settle this question.' And the court concedes that relator suggests a consummation devoutly to be wished. It seems that much of the confusion is due to a failure to emphasize the importance of the first sentence in §1465-90, quoted above. That sentence controls all that follows in the statute. It is the key to the solution."

"To assume, in every case where some compensation has been awarded, that the jurisdiction and authority has been established, and that the denial of the right to continue to receive compensation is therefore based upon a determination by the Commission of the extent of disability, would be to disregard the express provisions of the statute which says specifically that the claimant shall have a rehearing if the Commission denies the right to continue to receive compensation because the Commission has no jurisdiction of the claim and no authority to inquire into the extent of disability. It seems to be the clear intention of the legislature to grant an appeal from a denial of the right to continue to receive compensation, as well as from a denial of the right to receive any compensation, provided the denial is based upon jurisdictional facts."

This was a case to which the former act applied.

The effect of the final ruling of the Commission is that, although the plaintiff has been incapacitated in the past by an injury, that any disability she now possesses is not due to such original injury. This determination is as complete a denial of jurisdiction as would have been a similar ruling upon her condition immediately after the injury. Neither the lapse of time, nor the intervention of compensation, can have a bearing upon the finality and conclusiveness of such a finding by the Commission. The fact that the Commission may have exercised jurisdiction as to the former status of the plaintiff in no way controls the fact that the Commission now denies jurisdiction as to the present status.

A case illustrating a situation more in keeping with the contention of the Commission is found in **Noggle v Indutrial Commission, 129 Oh St 495.** At page 504, the Court say:

"The record of this case discloses that the commission made no finding that it had no jurisdiction of the claim, but found that, having paid the maximum amount allowed for partial disability, they had no jurisdiction 'to make a further award.' The lack of jurisdiction must appear affirmatively from the record; it is not presumed. 'It must appear that the Commission's denial was based upon a finding that it had no jurisdiction of the claim and

no authority to inquire into the extent of disability or the amount of compensation. There is no presumption that a finding of the Commission denying the right to continue to receive compensation is based upon jurisdictional grounds.' "

We are aware that the order of the Commission is not conclusive at least where it asserts jurisdiction has been exercised. **State ex rel v Industrial Commission, 128 Oh St 410, 418; State ex rel v Industrial Commission, 125 Oh St 426.**

We find nothing in the record, however, except the suggestion of the referee, which we have commented upon, supra, which indicates that the Commission did exercise jurisdiction.

In **Miles v Auto-Lite Co., 133 Oh St 613, at 616,** the court say:

"It has been recognized from the beginning that the Industrial Commission, in its administration of the Workmen's Compensation Law, is not to be regarded as an adversary of the claimant as in other litigation. As was well said by Nichols, CJ., in **Roma v Industrial Commission, 97 Oh St 247, at page 252,** 119 N. E., 461. 'The state of Ohio by the very terms of the law becomes in fact the representative, if not the champion. of the claimant, to the extent of seeing that exact justice is done him, and it is quite manifestly the intention of the law that the ordinary rules of procedure, although wise and fair in the abstract, must give way, if, in adhering to them, any conclusion even savoring of injustice would result.'

"As a further indication of the character of the proceedings had in an Industrial Commission case, we need only point to the fact that after trial is had in Common Pleas Court to 'determine the right of the claimant to participate.' if the verdict be in favor of the claimant, the proceedings are returned to the jurisdiction of the Industrial Commission to determine the extent of disability and amount of compensation to be awarded therefor.

In other words, the entire proceedings, while subject to the rules and regulations provided by law, should be so administered as 'to carry out justly the spirit' of the law as required by §1465-91, GC."

Certainly, in our conception of this case, it would not conform to this mandate "to carry out justly the spirit of the law" to permit the Commission in definite terms to state it had denied jurisdiction and repudiate such a statement, especially when the transcript certified to the court fails to support such repudiation.

For these reasons, the judgment should be affirmed.

HAMILTON, PJ., concurs.
MATTHEWS, J., Dissents in separate memorandum.

By MATTHEWS, J.

I am of the opinion that this judgment should be reversed and the cause remanded for a new trial.

In reaching its conclusion, the court ignores the fact that the Industrial Commission by the amended answer which it tendered brought to the attention of the court that the transcript which it had certified to the court contained an erroneous statement as to the basis of the denial of the plaintiff's claim on rehearing. Or, if the court does not entirely ignore this fact it assumes without citing any authority or reason for the assumption that when the Industrial Commission has once certified its record it has no power to correct or supplement no matter how erroneous or deficient it may be. That is a novel doctrine. When an erroneous record has been certified by one court to another, it has never been doubted, so far as I know, that the party affected thereby could have a correct record certified to take the place of the one that does not correctly set forth what transpired in the lower tribunal. 2 O. Jur., 396, 2 R. C. L. 154, 3 Am. Jur. 280.

Complaint has frequently been made about the informality in the proceedings of administrative tribunals, such as the Industrial Commission, because it is charged, it results in arbitrary action and a denial of justice. On the other hand, the charge is hurled back that the formalism and rigidity of the procedure in the courts results in delay and a sacrifice of substance to form. The rule applied in this case to this certification of this erroneous transcript of the Industrial Commission is more rigid and inflexible than the court would apply to a certification of its own record.

That this certified transcript probably contained the error asserted by the Commission in its tendered amended answer is attested by the allegations of the amended petition, in which it is alleged that the Commission gave the plaintiff a rehearing and as a result denied her right to participate in the fund "on the ground that her disability was not the result of the injury which she had sustained in the course of her employment." The Industrial Commission admitted in its answer and amended answers that this was the ground of the denial of compensation and at no time took any other position. The only contradiction of that position taken by both the plaintiff and the Commission is found in the recital in the certified transcript, and its inclusion appears to have resulted from the use by the Commission of a stock form prepared in advance for use in future cases where appropriate, and a failure to cancel it in this case where it was inappropriate to express the actual ruling of the Commission.

The trial court seems to have disregarded this question of jurisdiction entirely and have decided the issue of the cause of the present disability, if any, without any consideration of the question as to whether the Commission had taken jurisdiction and decided the same question.

Now the majority is of the opinion that in every case the denial of compensation for a disability is necessarily on a jurisdictional ground, and that such denial may be reviewed upon appeal. Such a position disregards the plain language of §§1465-86 and 1465-90 GC. It is contrary to Sergi v Industrial Commission, 136 Oh St 546, State ex rel v Industrial Commission, 135 Oh St 165, Noggle v Industrial Commission, 129 Oh St 495, State ex rel v Industrial Commission, 128 Oh St 410, and other cases.

The only case that even appears to support the position taken by the majority is Humphries v Steel Corp., 132 Oh St 263, but when it is recognized that what the Court had before it in that case was the sufficiency of the petition when tested by a general demurrer, that case does not so decide. It was alleged in the petition that the Commission dismissed the application and denied compensation. Now the Commission should have retained jurisdiction to award compensation for whatever disability might be proven. Applying the rule that the averments of a pleading must be construed liberally on a general demurrer, the court held that the petition showed a denial of compensation on a jurisdictional ground. The syllabus of the case clearly sets forth the limits of the question presented.

It should be said that this divergence of opinion cannot arise under the amendment of 1937, providing that the Commission must state the specific ground of denial, and authorizing an appeal on those grounds.

For these reasons, I am of opinion that the court erred in failing to inquire into the ground of the Commission's order denying compensation, so as to determine whether it had jurisdiction on appeal, and, for that reason the judgment should be reversed and the cause remanded for further proceedings according to law.