## SALER v INDUSTRIAL COMMISSION

Ohio Appeals, 1st Dist., Hamilton Co.

No. 6078. Decided Feb. 2, 1942.

Robert C. Porter, Cincinnati, and John E. Osborn, for appellant.

Thomas J. Herbert, Columbus; E. P. Felker, Columbus, and Edward A. Schott, Cincinnati, for appellee.

## OPINION

By MATTHEWS, PJ.

The Court of Common Pleas sustained a demurrer to the plaintiff's amended petition, and, as the plaintiff did not desire to plead further, judgment was rendered for the defendant. It is from that judgment that this appeal was taken.

The plaintiff alleged in his amended petition that he was injured in the course of and arising out of his employment in 1923, that his employer had complied with the Workmen's Compensation Law; that he, the plaintiff, made application to the Industrial Commission for compensation in 1923, and was awarded compensation for temporary total disability in the sum of $984.00, that, thereafter, he was awarded compensation for temporary partial disability in the amount of

$184.00, and a further award of $512.94 on February 2nd, 1929 for permanent partial disability. He alleged that, thereafter he filed another application for further compensation on the ground that as a result of said injury he was afflicted with a high degree of disability, because his condition as a result of the injury had grown progressively worse—so that he had become unable to perform manual labor—that he is and has been in such state of health that he cannot perform work—and that he is practically disabled to a high degree and such disability greatly impairs his ability to earn a livelihood.

He also alleges that this application came on for hearing on November 14th, 1939, at which time the Commission found that:

"Claim coming on for further consideration of the Commission, upon the order of November 9, 1939, after a conference with Dr. Dorr who has thoroughly reviewed the file and discussed the medical question with other members of the medical staff, it is ordered that the recommendation of Mr. Blend of October 24, 1932, be adopted. This reads as follows: That the Commission find from proof of record that claimant's disability subsequent to the date of last payment of compensation herein as a result of injury does not equal that of a low degree, and is, therefore, then, not compensable, and that the application for modification of award be dismissed."

There was no allegation that the plaintiff made any application for a rehearing after this order, and, of course, no allegation that his application had been denied upon rehearing. At that time §1465-90 GC, did not require denial upon rehearing as a condition precedent to an appeal.

The question presented by this appeal is whether the order by the Industrial Commission was one from which an appeal could be taken to the Common Pleas Court. If it was not, that court had no jurisdiction to hear the case and properly sustained the demurrer to the amended petition.

The decision of this case requires the application of §1465-90 GC (107 Ohio Laws 162) in the form it was at that time, which was:

"The commission shall have full power and authority to hear and determine all questions within its jurisdiction, and its decision thereon shall be final. Provided, however, in case the final action of such commission denies the right of the claimant to participate at all or to continue to participate in such fund on the ground that the injury was self-inflicted or on the ground that the accident did not arise in the course of employment, or upon any other ground going to the basis of the claimant's right, then the claimant, within thirty (30) days after the notice of the final action of such commission, may, by filing his appeal in the Common Pleas Court of the county wherein the injury was inflicted, be entitled to a trial in the ordinary way, and be entitled to a jury if he demands it. * * * "

It is clear that the plaintiff was not denied compensation because his injury had been self-inflicted, or upon the ground that the accident did not arise in the course of employment. He had already been awarded compensation, which was necessarily predicated on a finding that his disability resulted from a compensable injury—and the entry appealed from does not set aside that finding; nor is it in any way inconsistent with it.

Then was the denial on some other ground "going to the basis of the plaintiff's right"?

Looking at the finding of the Commission, we find that the denial of compensation was on the ground that "Claimant's disability subsequent to the date of the last payment of compensation herein as a result of injury does not equal that of a low degree, and is, therefore, then, not compensa-

ble, and that the application for modification of award be dismissed".

It seems to us that this entry clearly shows that the Commission was not denying its jurisdiction to inquire into the extent of the disability, but, on the contrary, was exercising its jurisdiction to so inquire, and as a result of its inquiry found that the plaintiff was not suffering from a disability of sufficient degree to entitle him to compensation.

Counsel points out that the Commission dismissed the application for modification and urges that that shows a refusal to exercise jurisdiction. But it did not dismiss plaintiff's entire proceeding before it. That remained pending, with full right in the plaintiff to renew his application should disability develop thereafter. Having found that the plaintiff had failed to show an existing disability resulting from the injury, there remained nothing for the commission to do other than to dismiss that specific application for modification.

Baugh v Industrial Commission, 63 Oh Ap 142, is relied on as a case construing identical language contained in an order of the Commission. The report does not sustain this position. The order on the original hearing of the application to modify contained the language "claimant's present disability is less than a low degree", but this is followed immediately by these additional words "and not due to his injury". The court said as to this entry: "These two findings are inconsistent." Furthermore, that was not the order appealed from. The claimant filed an application for a rehearing, as he was required to do at that time, and the appeal was from the order on that rehearing, and that order was based on a specific finding that "it (the Commission) has no jurisdiction of the claim and no authority thereby to inquire into the extent of disability or amount of recovery." That was the order denying jurisdiction as is clearly pointed out by the court on page 145.

In the case at bar the Commission denied compensation because there was no disability of sufficient consequence to justify an award under the law.

Counsel also relies upon Manes v Industrial Commission, 12 OO 424, and McManus v Industrial Commission, 66 Oh Ap 14, decided by this court. An examination of those cases will disclose that there is nothing in the opinion or decisions in them inconsistent without conclusion in this case.

It is urged that the Court erred in requiring the plaintiff to make his petition definite by incorporating the entire order of the Industrial Commission, from which the appeal was taken. We find no prejudicial error in this. The pleader's art could not change the legal effect of the order.

For these reasons, the judgment is affirmed.

HAMILTON & ROSS, JJ., concur.